BEN H. BLAKELEY, Appellee, v. EARL G. MILLER, Real
Estate Commissioner of Iowa, Appellant.

No. 46191.

DECEMBER 15, 1942.

John M. Rankin, Attorney General, Charles W. Lyon,
Special Assistant Attorney General; James R. Leverett, of
Council Bluffs, and I. H. Tomlinson, of Des Moines, of counsel,
for appellant.

Ralph H. Munro, of Fairfield, for appellee.

MITCHELL, J.—Ben H. Blakeley was the holder of a real-
estate broker's license issued under authority of chapter 91.2
of the 1939 Code of Iowa. Information was brought to the
attention of Earl G. Miller, acting in his capacity as Real Estate
Commissioner of the state of Iowa, that the said Ben H. Blakeley
had been appointed by the district court of Jefferson county,
Iowa, as a referee in a partition action involving real estate
belonging to several owners thereof, with express order of court

to sell and dispose of said land, the proceeds of which were to be divided among the several owners as their interests appeared, and while acting as such referee, Ben H. Blakeley so conducted himself as to cause the court to discharge him as said referee, without compensation. Thereupon the Real Estate Commissioner gave notice and had a complaint served upon Ben H. Blakeley of a hearing in reference to said matter, which meeting was held on the 8th day of April 1942. Blakeley appeared at the hearing and was represented by counsel. Evidence was taken and exhibits were offered and the commissioner found that Ben H. Blakeley was guilty of acts in connection with his duties as referee which were in violation of the provisions of section 1905.45 of the Code of Iowa, and entered an order revoking the license of Ben H. Blakeley as a real-estate broker, from which finding of fact and order Ben H. Blakeley commenced this action in certiorari in which he claimed and alleged that the commissioner was acting illegally and without jurisdiction, and, after a hearing at which all parties were represented by counsel, the lower court entered a decree sustaining the writ of certiorari and annulling the order of the Real Estate Commissioner of the State of Iowa revoking the real-estate broker's license of Ben H. Blakeley. Earl G. Miller, Real Estate Commissioner of the State of Iowa, has appealed to this court.

The appellant in his brief and argument states:

"This appeal involves, under the record, but one question and that question is as to whether or not the acts and conduct of Ben H. Blakeley, Plaintiff-Appellee as set out in the notice and complaint and also in the 'Findings of Fact' of the Real Estate Commissioner of Iowa, bring the Plaintiff within the purview of Section 1905.45 of Chapter 91.2 of the Code of Iowa, and make him amenable to the provisions thereof."

In section 1905.23 of the 1939 Code of Iowa, we find the legislature has provided that the provisions of chapter 91.2 will not apply to certain persons. We quote:

" * * * nor shall this chapter apply to an attorney admitted to practice in Iowa; nor shall it be held to include, while acting as such, a receiver, trustee in bankruptcy, administrator or executor, or any person selling real estate under order of any

court, nor to include a trustee acting under a trust agreement, deed of trust * * *.''

Thus we find that the legislature by specific enactment provided that the requirements of chapter 91.2 would not apply to a person selling real estate under an order of court. In this case Ben H. Blakeley was selling real estate under the order of court, and it is in connection with the sale of real estate under the order of court that the charges were made against him. Section 1905.36 gives to the commissioner the right, within six months, but not thereafter, after the issuance of an original certificate of registration, upon his own motion to ascertain whether or not one who has been granted a real-estate broker's license is unworthy to hold same. The only provision of the chapter covering the revocation or suspension of a real-estate broker's license after the six-months' period—and in the case at bar it is conceded that Ben H. Blakeley has had a real-estate broker's license for more than six months—is section 1905.45 of the Code of Iowa. We set out the material parts of that section:

"1905.45 Revocation or suspension. The commissioner may upon his own motion and shall upon the verified complaint in writing of any person, provided such complaint, or such complaint together with evidence, documentary or otherwise, presented in connection therewith, shall make out a prima facie case, investigate the actions of any real estate broker or real estate salesman, or any person who shall assume to act in either such capacity within this state, and shall have the power to suspend or to revoke any license issued under the provisions of this chapter, at any time where the licensee has by false or fraudulent representation obtained a license, or where the licensee in performing or attempting to perform any of the acts mentioned herein, is deemed to be guilty of:

"1.   Making any substantial misrepresentation, or * * *

"8.   Being unworthy or incompetent to act as a real estate broker or salesman in such manner as to safeguard the interests of the public, or * * *

"10.   Any other conduct, whether of the same or a different character from that hereinbefore specified, which constitutes improper, fraudulent, or dishonest dealing.''

The language of the above section, ''acts mentioned herein,'' must mean the acts of a real-estate salesman or real-estate broker for which a license is required in section 1905.20. And in the performance of those duties the statute holds the salesman or broker to strict accountability under pain of revocation of his license, but nowhere in the statute do we find that his conduct, outside of his actions in connection with his duties while so acting as a salesman or broker, after the license has been once issued and six months have elapsed, applies to the revocation of his license. One could think of many good reasons why it would be better to have the actions outside of his conduct in acting as a real-estate agent apply to his right to hold a real-estate license, but this is for the legislature to say and not for the court to write into the statute.

The distinguished and able trial court, in the opinion filed at the time the decree was entered in the lower court, said—we quote:

''In other words, the acts of the licensee, as an individual, aside from those involved in the performance of his duties as a real estate broker, even if they disclose moral turpitude, do not constitute ground for revoking his license. For example, the licensee might have been appointed as an administrator of an estate, and while so acting, embezzled the trust funds. Still, under the wording of the statute, while it would be grounds for refusing a license because of a lack of integrity, it would not be grounds for revoking a license once granted.

''The Legislature, for example, could have made the conviction of a felony one of the grounds for revocation of the license, but having restricted the penalty of misconduct to the acts of the licensee while in the performance of his duties as a real estate broker or salesman, as provided in Chapter 91.2 of the Code of 1939, the Commissioner could not enlarge thereon and hold him accountable for his conduct while acting in a capacity or engaged in work outside of his duties prescribed by this chapter of the Code.

''Under Section 1905.23 Code of 1939, the acts of a referee in partition are specifically excluded from the applicability of the statute. As such a referee, he was not required to have a

license; his duties were prescribed by law, and his performance of this trust was under the direction and control of the Court, and subject to its discipline. The fact that the sale of real estate was ·involved was incidental only to the performance of the trust as a whole.

"However reprehensible was petitioner's conduct in this matter, the statute pertaining to the revocation of his license being highly penal in its nature, it must be strictly construed, and this Court is compelled to find that the acts of this petitioner as referee in the partition action do not come under the duties of a licensee as contemplated in Chapter 91.2 Code of 1939, and hence, misconduct as a referee in partition can not be ground for the revocation of the license of a real estate broker or salesman."

The acts complained of and upon which the real-estate commissioner revoked the license were not connected in any way with the performance of appellee's duties as a salesman or real-estate broker. The legislature of Iowa saw fit specifically to except one acting under order of court, and in the case at bar Blakeley was acting under order of court. In the construction of· a statute such as confronts us in this case, the sole duty of the court is to ascertain from the statute as written the intent and purpose of the legislature, which is the sole law-making body.

It necessarily follows that. this case must be, and it is,— Affirmed.

·All JUSTICES concur.