**MISSOURI DENTAL BOARD,**
**Appellant,**

v.

**Weltman BAILEY, Respondent.**

**No. WD 38656.**

Missouri Court of Appeals,
Western District.

April 7, 1987.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
June 2, 1987.

Application to Transfer Denied
July 14, 1987.

William L. Webster, Atty. Gen., Sara Rittman, Asst. Atty. Gen., Jefferson City, for appellant.

Bill Randall Williams, Sullivan & Williams, Kansas City, for respondent.

Before TURNAGE, P.J., and SHANGLER and MANFORD, JJ.

TURNAGE, Presiding Judge.

The Missouri Dental Board filed a complaint with the Administrative Hearing Commission alleging that Weltman Bailey, a licensed dentist, was subject to discipline for violating § 332.321, RSMo 1969 and RSMo 1978. After a hearing the Commission entered findings of fact and conclusions of law in which it found no ground to discipline Dr. Bailey. On appeal the circuit court affirmed the findings of the Commission.

The Board contends the Commission erred in finding that the statutory reference to obtaining a fee for dental service by "misrepresentation" referred only to intentional conduct. Affirmed.

The complaint filed by the Board with the Commission alleged that Dr. Bailey had billed Missouri Dental Services, a provider of dental insurance, for services performed on three patients in 1978 and 1979 for services which had not been rendered. At the hearing there was no dispute as to the facts. MDS utilized forms which a dentist would complete and forward to MDS. The forms contained boxes labeled "pre-authorized," "pre-determination" and "for payment." An employee of MDS testified that one form could be used for a single patient any number of times. If the form was sent to MDS for pre-authorization, the form would be returned to the dentist with the authorization note. The dentist would use the same form to indicate a plan of treatment. If the date was entered for the particular treatment, MDS considered that the treatment had been given and would pay the dentist even if only a pre-authorized or pre-determined box were checked, rather than the "for payment" box.

On the three patients involved in the complaint it was alleged that Dr. Bailey had reported to MDS that he had performed treatment on all three which in fact had not been performed. MDS paid Dr. Bailey for all treatment reported on all three claims. When it discovered that all treatment reported had not been given, it requested Dr. Bailey to make refunds. Dr. Bailey made refunds to MDS on all three accounts.

Dr. Bailey testified that he had written to MDS and explained that payment had been received for treatment not given be-

cause of billing errors and mistakes made in his office.

In its findings of fact the Commission found that Dr. Bailey had never intentionally submitted a claim for services not rendered and found from his testimony that any errors in billing were by mistake and were not intentional attempts to obtain payment for services not rendered. The Commission found Dr. Bailey's testimony to be credible and truthful, and corroborated by his conduct subsequent to being informed of the errors. The Commission further found that the forms and procedure used by MDS were confusing. The Commission dismissed the complaint.

The Board contends the Commission erred when it found that, to fall within the scope of § 332.321, any representation which Dr. Bailey made concerning treatment given must have been made intentionally for the purpose of obtaining a fee to which he was not entitled. The Board contends that the term "misrepresentation" encompasses a representation made either with knowledge that it is false or with ignorance of its truth. The Board relies on *Sofka v. Thal*, 662 S.W.2d 502, 506[2] (Mo. banc 1983), for its definition of misrepresentation and seeks to justify a finding that Dr. Bailey is subject to discipline by contending his billing in ignorance of the true facts satisfies the requirement that he obtained fees by misrepresentation under *Sofka*.

Section 332.321.1(1) is the same in both the 1969 and 1978 revisions. That section provides discipline may be founded on obtaining a fee by fraud or misrepresentation. The Commission relied on *State ex rel. Williams v. Purl*, 228 Mo. 1, 128 S.W. 196 (banc 1910), for its finding that the words "fraud or misrepresentation" required intentional conduct on the part of the dentist. In *Purl*, the court was concerned with § 8528, RSMo 1899, as amended in 1905, which allowed a dental license to be revoked or annulled for "fraud, deceit or misrepresentation in the practice of dentistry." Although the court did not explicitly hold that the words "fraud, deceit or misrepresentation in the practice of dentist-

ry" required intentional conduct, the definition of those terms discussed by the court did not include any element of negligence or unintentional conduct. In discussing the meaning of the term "misrepresentation" the court quoted Webster's Dictionary for the statement that "[i]n popular use, this word often conveys the idea of intentional untruth". 128 S.W. at 202. This court construes *Purl* to require the fraud or misrepresentation mentioned in § 332.321, RSMo 1969 and 1978, to be intentional conduct on the part of a dentist in order to subject him to discipline. This court recognizes the definition of misrepresentation in *Sofka*, but finds that under *Purl* the statute requires intentional conduct and not merely statements made in ignorance of the truth.

Section 332.321 was amended in 1983. The amended section appears as § 332.321.-2(4), RSMo 1986. New material added by the amendment provides that the Board may cause a complaint to be filed with the Administrative Hearing Commission for repeated irregularities in billing a third party for service rendered to a patient. "Irregularities in billing" is defined and includes reporting charges for services not rendered. The charges brought against Dr. Bailey thus would be classified under the current statute as irregularities in billing, rather than the obtaining of a fee by fraud or misrepresentation. When the legislature amends a statute, it is presumed it intends to make a change in the existing law. *Sermchief v. Gonzales*, 660 S.W.2d 683, 689 (Mo. banc 1983). To accomplish a change in existing law it is necessary to conclude that the legislature did not consider irregularity in billing a third party to be included in the prohibition against obtaining a fee by fraud or misrepresentation. A reason for the change would be to avoid the necessity of proving an intentional misrepresentation as required by *Purl* when the billing of a third party is involved. Under the amendment there is no element of intentional conduct involved in repeated irregularities in billing a third party—the irregular billings themselves become the offense. Under *Purl* and the interpretation given to the amendment to § 332.321,

the acts charged in the complaint in this action cannot be considered to be fraud or misrepresentation under the 1969 and 1978 version of § 332.321.2(1) without a finding that the conduct involved was an intentional misrepresentation.

■ The Commission was correct in concluding that to prove the fraud or misrepresentation referred to, the statute in effect at the time of the acts charged against Dr. Bailey required proof that such acts were intentional. The Commission found Dr. Bailey's testimony to be credible when he testified that the charges were the result of mistake and were not intentionally submitted in order to receive payment for services not rendered. The credibility of witnesses is within the province of the administrative agency, which in this case is the Commission. *Edmonds v. McNeal*, 596 S.W.2d 403, 408 (Mo. banc 1980).

■ The Board further contends that the Commission should have accorded conclusive effect to the findings of the Commission in a previous case in which Dr. Bailey had been found to be ineligible to participate in the Missouri Medicaid Program. The Board requested the Commission to take notice of the previous case, and the Board did so. However, the Commission found that the finding that Dr. Bailey was ineligible to participate in the Medicaid program was based on the rules and regulations of the Medicaid program, which make errors in billing *per se* violations (just as § 332.321.2(4) now provides). The Commission found that intent to defraud was not found in the previous case, nor would such a finding have been relevant. Because the Commission found an intent to defraud was essential to a finding in this case that Dr. Bailey was subject to discipline, the finding in the previous case did not require the conclusion that Dr. Bailey was subject to discipline in the pending case.

It is provided in § 161.332, RSMo 1978 (now § 621.145, RSMo 1986), that judicial review of the decision of the Commission is governed by § 536.140, RSMo 1986. A review of the Commission decision reveals that it is supported by competent and substantial evidence and is not unauthorized by law. The decision of the Commission is affirmed.

All concur.