**MISSOURI REAL ESTATE COMMISSION, Appellant,**

v.

**Daniel L. McGREW, Respondent.**

**No. WD 39164.**

Missouri Court of Appeals, Western District.

Sept. 22, 1987.

Rehearing Overruled and Transfer to Supreme Court Denied Oct. 27, 1987.

Application to Transfer Denied Dec. 15, 1987.

William L. Webster, Atty. Gen., Simon B. Buckner, Asst. Atty. Gen., Jefferson City, for appellant.

James E. Brown, Joplin, for respondent.

Before MANFORD, P.J., and NUGENT and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

This action was brought by the Missouri Real Estate Commission (commission) to discipline the respondent, McGrew, a licensed real estate broker. Section 339.-100.2, RSMo.1986. The Administrative Hearing Commission found in favor of McGrew on the commission's charge of McGrew making fraudulent misrepresentations during a real estate transaction. The administrative decision was upheld by the circuit court.

The facts are not in dispute—only the legal conclusion favorable to McGrew on the basis he was acting only for himself and not for others, is subject to review. On January 2, 1981, broker McGrew and his wife purchased a lot in Jasper County, Missouri from a Mr. and Mrs. Alexander. McGrew and his wife did not record the transaction, but instead offered the property for sale. On April 16, 1981, Mr. and Mrs. Wolfe contracted to purchase the lot. McGrew advised the Wolfes he was a licensed real estate agent and that he would handle all documentation regarding the transaction. McGrew indicated to the Wolfes the property was subject to an assumable loan at an interest rate of 8¾%. The record shows the Alexanders, had purchased the property in 1977 and had exe-

cuted a note and mortgage bearing an interest rate of 8¾%. On June 30, 1981, the Wolfes signed a contract for deed and McGrew executed a warranty deed. McGrew advised the Wolfes that a statement for loan payments would be sent to the Alexanders, then to McGrew, and he in turn would forward those statements to the Wolfes. The Wolfes were advised by McGrew that such a procedure would avoid transfer fees and that such procedure was a common practice in Missouri.

The note and mortgage on the property executed by the Alexanders contained a "due on sale" clause. The Wolfes as buyers were never informed of the "due on sale" clause. Subsequently, Mr. Wolfe attempted to finance the purchase of a truck. It was determined that the lot in question was never titled to him. Mrs. Wolfe then asked the financial institution which held the mortgage on the property about making direct payments on the loan to the financial institution. The financial institution then took the position that the loan would have to be renegotiated. Renegotiation did occur, which resulted in the refinancing of the property at a rate of 14%. This increased interest rate boosted the Wolfes' monthly payment by $100.00 per month.

The Wolfes could not maintain the higher payments, and the property was ultimately sold for a price substantially less than the price the Wolfes paid to McGrew. The Wolfes filed a complaint with the Missouri Real Estate Commission. The commission investigated the complaint. When first confronted, the respondent McGrew stated the problem of a delay in recording was an oversight on his part, but he later admitted that he deliberately delayed the recording of the transaction to prevent the lending institution from learning about the transactions.

Section 339.100.2 allows the commission to file a complaint for:

(2) Making substantial misrepresentations or false promises or suppression, concealment or omission of material facts in the conduct of his business or pursuing a flagrant and continued course of misrepresentation through agents, salespersons, advertising or otherwise in any transaction;

(18) Any other conduct which constitutes untrustworthy, improper or fraudulent business dealings, or demonstrates bad faith or gross incompetence.

Just because the broker was not acting for a principal should not allow him nor his type of conduct to go without discipline from the commission. Section 339.010 among other things defines a broker as one who "for another," and for compensation sells or purchases real estate, the respondent held himself out to the Wolfes as a broker and was not conducting the purely personal business of selling his private residence.

As stated previously the administrative decision was based on a construction of the statutes which would preclude commission discipline where a licensed broker is not acting for another.

The facts here lead to the conclusion that while McGrew was dealing for himself, he represented to the Wolfes he could handle the whole matter for all of them as a licensed broker.

■ The section of practices for which a license may be revoked or suspended can be construed to cover the activities of the respondent without straining the statutory language. Once applicability of Chapter 339 is established by finding a real estate broker under the statute (i.e., one who acts for another), the revocation and suspension sections apply to activities "in the conduct of his business" or "in any transaction" or to bad faith conduct in general. Section 339.100.2 *supra*. Just because the broker was not acting for a principal should not allow his conduct to go without discipline from the commission, particularly where McGrew represented himself as a broker to the injured parties.

Notable in this respect is § 339.010.5 RSMo. which lists situations to which the provisions of chapter 339 shall not apply. In pertinent part it reads:

(1) Any person, partnership, or corporation who as owner or lessor shall per-

form any of the acts described in subsection 1 of section 339.010 with reference to property owned or leased by them, or to the regular employees thereof, *provided such owner or lessor is not engaged in the real estate business as a vocation.* (Emphasis added.)

The section specifically excepts those in the real estate business from the provisions making the statute inapplicable in certain situations.

*Robinson v. Missouri Real Estate Commission,* 280 S.W.2d 138 (Mo.App.1955), does not here apply. The broker in *Robinson* was engaged to, "sell notes. The employment had nothing to do with sale or exchange of real estate ..." (Emphasis in original.) The court's comment of not using the discipline section for the purpose of punishment of a broker's outside activity such as violation of liquor laws, *Id.* at 142, is well taken, but not applicable here. The broker here was, while representing himself as a broker, dabbling in real estate for a profit. As a part of his business, he sold property not his residence, using methods which brought his profession into disrepute.

*Boyle v. Missouri Real Estate Commission,* 537 S.W.2d 603, 609 (Mo.App.1976), also relied upon by McGrew, affirmed the license revocation where the broker's acts were in the conduct of the real estate business. *Robinson, supra,* was held not applicable in *Boyle* where the "conduct of the real estate broker [was] unrelated to *the* real estate business ..." (Emphasis added). *Id.* at 609–10.

Putting McGrew's wife's name as a grantee on the unrecorded deed was to cloud or mask the true nature of the broker, and is analogous to the use of a straw party. The following language from *Larner-Diener Realty Co. v. Fredman,* 266 S.W.2d 689, 695 (Mo.1954) should apply to the facts of this case:

> However, the transaction of business affairs in the name of a straw party or nominee conceals or obscures the principal's interest in the transaction, and so the use of a straw party lends itself peculiarly to those who have an unlawful and fraudulent purpose. So it is, as has been often said, the real estate transactions "made through straw men and ghosts should always be viewed with suspicion."

Our law also takes a dim view of brokers having a secret personal interest in the subject of the employment, and, "a natural repugnance to the practices of a broker representing both buyer and seller." *Cox v. Bryant,* 347 S.W.2d 861, 864 (Mo.1961).

█ The court construes the regulatory statutes to allow the Commission to take needed action to stop the conduct practiced here by McGrew. The judgment is reversed and the cause remanded to the circuit court with directions to remand to the Administrative Hearing Commission to enter judgment for the commission.

NUGENT, J., concurs.

MANFORD, J., dissents.

MANFORD, Judge, dissenting.

I must respectfully dissent.

While I cannot disagree with the moral rationalization expressed by the majority opinion, I cannot agree with the result reached by the majority opinion.

This case, under its facts and circumstances, is controlled by § 333.100.2, RSMo 1986, *Boyle v. Missouri Real Estate Commission,* 537 S.W.2d 603 (Mo.App.1976), and *Robinson v. Missouri Real Estate Commission,* 280 S.W.2d 138, 140 (Mo.App. 1955).

The judgment should be affirmed.