**MISSOURI REAL ESTATE COMMISSION, Appellant,**

v.

**Samuel B. BERGER, Respondent.**

**No. 54506.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 31, 1989.

William L. Webster, Atty. Gen., Jerry Van Hamme, Asst. Atty. Gen., Jefferson City, for appellant.

Irl B. Baris, St. Louis, for respondent.

SMITH, Presiding Judge.

This is an appeal by the Missouri Real Estate Commission from the judgment of the trial court reversing the order of the Commission revoking the real estate salesperson license of Samuel B. Berger. We affirm.

The Administrative Hearing Commission conducted a hearing on whether grounds existed for subjecting the license of Berger to discipline. The specific ground asserted by the Real Estate Commission was based upon Sec. 339.100.2(15) RSMo 1978, which provides that the Real Estate Commission may discipline a licensee for "committing any act which would otherwise be grounds for the commission to refuse to issue a license under Sec. 339.040." Sec. 339.040 in turn provides that "Licenses shall be granted only to persons who bear ... a good reputation for honesty, integrity and fair dealing and who are competent to transact the business of a ... salesperson in such a manner as to safeguard the interest of the public...."

On October 25, 1982, respondent pleaded guilty in the United States District Court to one count of knowingly and willfully combining, conspiring, confederating and agreeing with another to distribute cocaine, a Schedule II narcotic controlled substance. He received an initial sentence of six years

imprisonment on April 8, 1983. After serving just over a year at a federal rehabilitation center for alcohol and drug offenders in Lexington, Kentucky, his sentence of imprisonment was reduced to time served and he was placed on probation for four years. Conditions of that probation include the requirement that he maintain gainful employment and that he submit to urinalysis as required by the probation office. The only evidence introduced by the Real Estate Commission to establish the charge was (1) a record establishing Berger was issued a salesperson's license, (2) a certified copy of the Grand Jury indictment, (3) a certified copy of the judgment and probation/commitment order, (4) the order of the district court reducing the sentence, and (5) the transcript of the guilty plea hearing. Berger presented considerable testimony concerning his rehabilitation and present fitness to engage in the real estate business including consistently negative results of frequent urinalysis and testimony by persons who have associated with him in the business.

The question before us is purely one of law, whether the statutes authorize discipline of Berger's license on the basis of his guilty plea to a drug violation in federal court. Sec. 339.100.2, RSMo 1986, sets forth eighteen specific grounds upon which discipline can be based. Seventeen of those grounds relate to conduct of real estate business. Two of the grounds deal with criminal convictions. Number (9) allows discipline after a finding of guilt of a violation of any state or federal statute governing the sale or rental of real property or the conduct of the real estate business. Number (17) allows discipline after a finding of guilt of forgery, embezzlement, obtaining money under false pretenses, extortion, criminal conspiracy to defraud or other like offenses. The Real Estate Commission makes no contention that either of these latter two provisions applies. Number (18) authorizes discipline for "any other conduct which constitutes untrustworthy, improper or fraudulent *business* dealings,

or demonstrates bad faith or gross incompetence." (Emphasis supplied).

In *Robinson v. Missouri Real Estate Commission*, 280 S.W.2d 138 (Mo.App. 1955), the court had before it the predecessor of Number 18 which did not contain the emphasized word. The court there held that because all of the remaining grounds for discipline dealt with real estate practices, that provision must be interpreted to apply to conduct occurring in the real estate business of the broker, not to some outside activity of the broker. In 1978 the statute was amended to add the word "business." L.1978, p. 617. That amendment presumably expanded the conduct of the licensee which could form the basis of discipline to business dealings beyond his real estate activities, but it clearly restricted the conduct to that involving business.

As the statute now stands, seventeen of the eighteen grounds for which discipline can be imposed are based upon the business conduct of the licensee. *Robinson* stated the familiar rule of statutory construction that "where a law specifically designates several matters or things which shall be governed by its provisions, and then by general language undertakes to include other acts and things not specifically named, it must be so construed as to apply only to things or acts of the same general nature as those definitely set out." [3]. Under *Robinson*, the provisions of subparagraph (15) are to be construed as relating to "honesty, integrity and fair dealing" in the applicant's business dealings.[1]

In determining the interpretation of a statute we must seek the intent of the General Assembly. *Metro Auto Auction v. Director of Revenue*, 707 S.W.2d 397 (Mo. banc 1986) [4–6]. In that regard H.S. H.C.S.S.B. 16, Laws 1981, p. 453–560 amending the State Reorganization Act of 1974 is of considerable importance. That bill repealed a large number of sections and enacted in lieu thereof 281 new sections dealing with most of the occupations and professions for which licensing is re-

1. The Real Estate Commission relies upon *Golde v. Fox*, 159 Cal.Rptr. 864, 98 Cal.App.3d 167 (1979). There are notable and persuasive differences between the statutes involved in that case and the Missouri statutes by which we are bound.

quired by statute.[2] Included in the repeal were eleven sections pertaining to real estate agents and included in the new sections enacted were eleven new sections pertaining to such agents including Section 339.100. In fact no actual amendment of Section 339.100 occurred in the 1982 act and it was left as it was after the amendment of 1978 (Laws, 1978, p. 611, S.B. 811). As to every other occupation or profession addressed by the 1981 amendment the following provision was included as a ground for revocation:

"The person has been finally adjudicated and found guilty, or entered a plea of guilty or nolo contendere, in a criminal prosecution under the laws of any state or of the United States, for any offense reasonably related to the qualifications, functions or duties of the profession licensed or regulated under this chapter, for any offense an essential element of which is fraud, dishonesty or an act of violence, *or for any offense involving moral turpitude,* whether or not sentence is imposed;" (Emphasis supplied). See Secs. 326.130 (accountants), 327.441 (architects), 328.150 (barbers), 329.140 (cosmetologists), 330.160 (podiatrists), 331.060 (chiropractors), 332.321 (dentists), 333.121 (funeral directors), 334.100 (physicians), 335.066 (nurses), 336.110 (optometrists), 337.035 (psychologists), 338.055 (pharmacists), 340.145 (veterinarians), 345.065 (speech pathologists), 346.-105 (hearing aid fitters).

■ Sec. 339.100, in stark contrast, authorizes revocation only for conviction of certain specified crimes having to do with business or fiduciary breaches. It, again starkly, does not provide for revocation for conviction of crimes involving "moral turpitude." Conviction for narcotics dealings involves a crime involving moral turpitude. *In re McNeese,* 346 Mo. 425, 142 S.W.2d 33 (banc 1940) [2]. We cannot even speculate on why the general assembly chose not to make conviction for such crimes as to real estate agents a ground for revocation but. chose to make it such a ground for other occupations such as barbers, cosmetologists, funeral directors, veterinarians, speech pathologists and hearing aid fitters. Whatever the reason, H.S.H.C.S.S.B. 16 clearly and, we must conclude, consciously makes such a distinction. To conclude that conviction for a crime which has been specifically excluded as a basis for revocation can be incorporated back into the statute under the general language relied upon by the Real Estate Commission is to ignore the actions of the general assembly in enacting H.S.H.C.S.S.B. 16. Further, if conviction of a crime reflecting upon the licensee's honesty, integrity or fair dealing, or evidence of conduct so reflecting is sufficient to revoke a license, then there is little purpose for listing some of the other seventeen grounds for revocation found in 339.-100.

■ We must assume, however, that 339.100.2(15) has some meaning. It must, therefore, indicate that, without reliance alone upon a conviction for a crime, the Real Estate Commission may revoke a license upon its finding that the conduct of the licensee has destroyed his reputation for honesty, integrity and fair dealing or his competence to transact the business of a broker or salesperson in such manner as to safeguard the interest of the public. In that regard we must take into account the provisions of Sec. 620.135, RSMo 1986 also enacted in 1981 (Laws 1981, H.S.H.C.S.S.B.16, p. 464). That section provides that: "Except as otherwise specifically provided by law, no license for any occupation or profession shall be denied solely on the grounds that an applicant has been previously convicted of a felony." The Real Estate Commission may, under subparagraph (15) revoke the license only if it could have denied it in the first instance. No provision of Chapter 339 provides that licensure of an applicant can be denied because of a conviction for a crime. Revo-

2. Omitted from the bill were public adjusters and adjuster solicitors (Chap. 325 licensed by the director of insurance), plumbers (Chap. 341, licensed locally), stationary engineers (Chap. 342 otherwise covered by Chap. 327), public auctioneers (Chap. 343, licensed locally), nursing home administrators (Chap. 344 subject to revocation for conviction of a crime involving dishonesty, fraud or moral turpitude).

cation of a license is specifically authorized only for conviction of a real estate business or fiduciary crime and *arguendo* such conviction could serve as a ground for denial initially.

Sec. 314.200, RSMo 1986, provides in pertinent part:

"No board or other agency created pursuant to laws of the state of Missouri, ..., for the purpose of licensing applicants for occupations and professions may deny a license to an applicant primarily upon the basis that a felony or misdemeanor conviction of the applicant precludes the applicant from demonstrating good moral character, where the conviction resulted in the applicant's incarceration, and the applicant has been released by pardon, parole or otherwise from such incarceration, or resulted in the applicant being placed upon probation and there is no evidence the applicant has violated the conditions of his probation. The board or other agency may consider the conviction as some evidence of an absence of good moral character, but shall also consider the nature of the crime committed in relation to the license which the applicant seeks, the date of the conviction, the conduct of the applicant since the date of the conviction and other evidence as to the applicant's character."

The Hearing Commission made as conclusions of law:

"The Commission finds that Respondent's conduct as set forth in Findings of Fact 3 through 5 [3] falls within the intendment of Section 339.100.2(15), RSMo 1978, and outside of the requirements of Section 339.040.1, RSMo Supp.1984. Respondent's federal conviction is inconsistent with the traits of honesty, integrity, and fair dealing required of a real estate

salesperson in a manner safeguarding the public interest....

"Finally, Respondent contends that three Missouri statutes—Sections 314.-200 and 620.135, R.S.Supp.1984, and 561.-016, R.S.Mo.1978—proscribe denial of a license based solely on a prior conviction and that revocation on such grounds would constitute denial. In each instance, Respondent's reliance is misplaced. Petitioner's complaint is not grounded solely on Respondent's prior conviction but on the inferences to be drawn from that conviction as to his honesty and integrity as a licensed real estate professional. Not the fact of Respondent's conviction but the evidentiary value of that conviction on the issue of good moral conduct is controlling."

 We will assume *arguendo* that "good moral conduct" and bearing a "good reputation for honesty, integrity and fair dealing" are synonymous. Nevertheless we are unable to find that the conclusion of the Administrative Hearing Commission is other than a holding that Berger could be denied a license "solely" on the grounds of his conviction, contrary to the provisions of Sec. 620.135, and that denial of such license could be made "primarily" on that basis contrary to Sec. 314.200. The only facts upon which the conclusion was based were Berger's conviction, his incarceration and his probation.

While making a finding that Berger had complied with all conditions of his probation, the Hearing Commission made no analysis of or finding concerning Berger's evidence about his present reputation for, and conduct establishing, honesty, integrity, and fair dealing. This substantial evidence was dismissed on the basis that too little time had passed for Berger to have "rehabilitated" himself and that he had failed to carry his burden of good moral

---

**3.** "3. On October 25, 1982, Respondent pleaded guilty in the United States District Court, Eastern District of Missouri, Eastern Division, to charges of knowingly and willfully combining, conspiring, confederating and agreeing with another to distribute cocaine, a Schedule II narcotic controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

"4. On April 8, 1983, Respondent was sentenced to six years imprisonment. Relator was incarcerated in the Federal Correctional Institution in Lexington, Kentucky, a rehabilitation center for alcohol and drug offenders.

"5. On April 17, 1984, Respondent's sentence was amended, and he began a four year period of probation."

character. The burden of proof for revocation was upon the Real Estate Commission and remained there throughout. *Heidebur v. Parker,* 505 S.W.2d 440 (Mo.App.1974) [3–5].[4] Evidence of his conviction placed the burden of going forward upon Berger. That burden he carried. It then became the Commission's burden to rebut Berger's evidence. Cooper, State Administrative Law, V.1 (1965), pp. 355, 359. See also *Coleman v. Watts,* 81 So.2d 650 (Fla.1955) [3, 4]. The burden of persuasion was at all times with the Real Estate Commission. No evidence was before the Hearing Commission concerning Berger's level of participation in the crime but there was substantial evidence that he had markedly changed his life, ridded himself of his drug addiction and had conducted himself with honesty, integrity and fair dealing in his business relationships since his release from incarceration. There was no evidence to the contrary. The obvious purpose of Secs. 314.200 and 620.135 is to allow people who have committed crimes, and have paid their debt to society to return to that society as productive citizens. Berger's criminal conviction does not under the statutes preclude him from being a real estate salesperson. The only basis for revoking his license was that he had committed an act which would have prevented his licensing in the first instance. The "act" found in finding of fact 3 was his plea of guilty to a drug offense. Under the provisions of Secs. 314.200 and 620.135 the fact of his criminal conviction alone would not have precluded him from being licensed. It was solely on the basis of that conviction that his license was revoked and under the law that conviction is insufficient alone to accomplish that result.

The judgment of the trial court is affirmed.

STEPHAN and CARL R. GAERTNER, JJ., concur.