MISSOURI REAL ESTATE COMMIS-
SION, Petitioner–Appellant,

v.

Ronnie R. McCORMICK, Respondent.

No. 16018–2.

Missouri Court of Appeals,
Southern District,
Division Two.

July 17, 1989.

Motion for Rehearing or Transfer to
Supreme Court Denied Aug. 22, 1989.

Application to Transfer Denied
Nov. 14, 1989.

William L. Webster, Atty. Gen., Greg A. Perry, Asst. Atty. Gen., Jefferson City, for petitioner-appellant.

Kevin Kays Dunaway, Jerry L. Redfern, Neale, Newman, Bradshaw & Freeman, Springfield, for respondent.

MAUS, Judge.

This proceeding was initiated by the complaint of the Missouri Real Estate Commission (MREC) filed with the Administrative Hearing Commission (AHC). That complaint alleged licensed real estate broker-salesperson Ronnie R. McCormick (respondent) committed acts which subjected him

to disciplinary action. Pursuant to a stipulation, the AHC found those acts resulted in cause for such disciplinary action under § 339.100.2(10), (15), (17) and (18). Upon the basis of that finding, following a hearing, the MREC ordered that respondent's license be suspended for one year to be followed by five years' probation. Upon judicial review, the circuit court modified the order to provide the discipline of the respondent to be one year's probation. MREC appeals.

The causes for which one holding a license issued by the MREC may be disciplined by that agency are defined by statute. § 339.100.2; *Missouri Real Estate Commission v. Berger,* 764 S.W.2d 706 (Mo.App.1989). The procedure whereby the MREC can suspend or revoke a license or place a licensee on probation is also succinctly prescribed by statute. See *Mueller v. Ruddy,* 617 S.W.2d 466 (Mo. App.1981), cert. denied, 454 U.S. 1055, 102 S.Ct. 600, 70 L.Ed.2d 591; *State Board of Reg. for Healing Arts v. Masters,* 512 S.W.2d 150 (Mo.App.1974). The MREC shall file a complaint with the AHC alleging the licensee has "performed or attempted to perform" one or more of the acts prohibited by § 339.100.2. It is the exclusive function of the AHC to conduct a hearing and make findings of fact and conclusions of law determining the existence of the alleged causes for discipline. § 621.045 and § 621.110. *Dunning v. Board of Pharmacy,* 630 S.W.2d 155 (Mo. App.1982). The AHC may make recommendations as to appropriate disciplinary action but such recommendations are not binding on the agency. § 621.110; cf. *Newmann v. Director of Revenue,* E.D. No. 55497, filed (Mo.App. May 23, 1989). Within thirty days of the receipt of the record of the AHC, if such cause is found to exist, the agency "shall set the matter for hearing upon the issue of appropriate disciplinary action." § 621.110. "After such hearing the agency may order any disciplinary measure it deems appropriate and which is authorized by law." § 621.110. The decision of the AHC and order of the agency are subject to judicial review. However, the decision of the AHC is not final until the order of the agency is entered. For purposes of review, the decision and order shall be treated as one decision. § 621.145

The scope of judicial review of that decision and order is also defined and limited by statute. See § 536.140. The reviewing court's disposition of the case is limited by the statutory admonition "the court shall not substitute its discretion for discretion legally vested in the agency." § 536.140.5.

"At the outset we note the well established rule that judicial review of administrative decisions pursuant to § 536.140 is such that ' * * * We may not substitute our judgment on the evidence for that of the Commissioner and we may not set aside his decision, unless it is not supported by competent and substantial evidence on the whole record, or it is not authorized by law, is arbitrary, capricious or involves an abuse of discretion. [Citations omitted.].' " Missouri Real Estate Commission v. Steger, 509 S.W.2d 47, 49 (Mo. banc 1974).

In this proceeding, the complaint in a preamble alleged the respondent had pled guilty to two charges of felony stealing. Incorporated exhibits established the two charges were that respondent converted to his own use a total of $2,985.00 paid to him for premiums on insurance policies. By Count I of its complaint the MREC charged that such conduct of the respondent subjected his license to disciplinary action under § 339.100.2(15), (17) and (18). By Count II MREC further alleged that in a renewal application respondent represented he had not been found guilty of any offense other than a traffic violation, failing to mention the two pleas of guilty. The MREC charged this conduct subjected respondent's license to disciplinary action under § 339.100.2(10) and (18). By answer, the respondent admitted the factual allegations of the complaint. He denied the conduct admitted subjected his license to disciplinary action under the cited subsections. He added that he completed the renewal application as he understood the advice of his attorney.

A hearing upon the complaint was not had before the AHC. Instead, the parties entered into a "Stipulation of Facts and Waiver of Administrative Hearing Commission Hearing and Consent to a Finding of Cause for Discipline." By this instrument the parties stipulated the respondent committed the acts alleged in the complaint. It added that in preparing the renewal application respondent acted pursuant to his attorney's advice. That advice was that as long as he complied with the conditions of his suspended sentence he was entitled to say he had no convictions on his record.

The introductory portion of the stipulation contained the following acknowledgment:

> "The respondent further understands that after the Administrative Hearing Commission finds his license to be subject to disciplinary action by the Missouri Real Estate Commission, the Missouri Real Estate Commission shall thereafter conduct a disciplinary hearing pursuant to § 621.110, RSMo 1986, for the purpose of determining the appropriate disciplinary action to be taken concerning the respondent's license."

The stipulation concluded with the following paragraphs:

> "9. Respondent's conduct, as established by the foregoing facts, falls within the intendments of § 339.100.2(10), (15), (17) and (18), RSMo Supp.1984.
>
> "10. Cause exists for petitioner to take disciplinary action against respondent's license under § 339.100.2(10), (15), (17) and (18), RSMo Supp.1984."

The AHC then *entered an order* so finding in accordance with the stipulation and as authorized by 1 CSR 15–2.150(1); § 536.060 and § 621.135. Cf. *Kennedy v. Missouri Real Estate Commission,* 762 S.W.2d 454 (Mo.App.1988).

The MREC held a hearing upon the AHC order finding cause for disciplinary action. The record of the proceedings before the AHC was incorporated into the record of the MREC proceeding. The respondent produced evidence of extenuating circumstances concerning his conduct in question, his medical rehabilitation, his civic activities and his discharge from probation resulting from his pleas of guilty. He also presented two witnesses in the real estate business who attested to his competence, diligence and trustworthiness. The MREC thereafter entered an order containing appropriate recitals of the stipulation, the order of the AHC and the following disciplinary order. "The real estate broker-salesperson license of respondent is hereby suspended for one (1) year to be followed by a period of five (5) years probation (the disciplinary period)."

The respondent filed a petition for judicial review. § 536.110. Enforcement of the MREC order was stayed. § 536.120. Upon judicial review the circuit court entered judgment upon the basis of the record. That judgment included a determination the MREC could not consider respondent's conduct not connected with the real estate business "under the previous decision of *Robinson vs. Missouri Real Estate Commission,* 280 S.W.2d 138 (Mo. App.1955), and as such, the Disciplinary Order of August 31, 1987 was unauthorized by law, and unsupported by substantial and competent evidence." The judgment continued with the following:

> "This Court finds that the rationale of *Robinson* applies to the facts at bar and controls Petitioner's case. Therefore, this Court finds that the conduct of the Missouri Real Estate Commission in considering Petitioner's activities outside the scope of those as a real estate broker was inappropriate, and that part of Respondent's decision and conduct is reversed."

Apparently "that part" refers to Count I of the complaint.

The circuit court also entered the following in respect to the renewal application:

> "Petitioner also contended that the Respondent Missouri Real Estate Commission erred in disciplining Petitioner's real estate license for his response to questions 7(A) of the Notice to Renew because the grounds cited for discipline, Missouri Revised Statute Section 339.100.2(10) requires a specific intent to misrepresent a fact, and that the only evi-

dence on the record is that Petitioner was at best negligent in his response and that the discipline on that basis is not supported by substantial and compentant [sic] evidence, is unauthorized by statute, is arbitrary, capricious, and/or unreasonable, and/or involves a [sic] abuse of discretion. Both Respondent and Petitioner had stipulated that Petitioner had been advised by his lawyer that a suspended imposition of sentence legally entitled him to believe he had not been convicted. It is clear from the transcript of the disciplinary hearing that Petitioner answered question 7(a) of the Notice to Renew on that basis. There is sufficient evidence that Petitioner did not clearly respond to the question in the manner which he did. As such, Respondent's action in disciplining Petitioner's license on that basis is authorized by law and supported by substantial and competent evidence. Therefore, this portion of the Disciplinary Order is affirmed."

"This portion" apparently refers to Count II of the complaint. It was the judgment of the circuit court that respondent should be on probation for one year. The MREC appeals.

 The parties stipulated respondent committed the acts alleged in the petition and that "[c]ause exists for petitioner to take disciplinary action against respondent's license under § 339.100.2(10), (15), (17) and (18)." Other explicit and apparently conclusive portions of the stipulation have been noted. In general, stipulations are controlling and conclusive. *Pierson v. Allen*, 409 S.W.2d 127 (Mo.1966). This doctrine could provide a basis for holding that respondent could not question the existence of cause for discipline, but only the appropriateness of the discipline ordered by the MREC. However, the parties have treated the stipulation as conclusively establishing only the conduct of the respondent, permitting the circuit court to determine as a question of law that such conduct does or does not constitute such cause. See *Missouri Real Estate Commission v. Steger*, supra; *Jackson County v. Missouri State Bd. of Mediation*, 690 S.W.2d 400 (Mo. banc 1985); *Stephenson's Restaurants,*

*Inc. v. Missouri State Highway and Transportation Commission*, 666 S.W.2d 437 (Mo.App.1984). This construction adopted by the parties will be followed by this court.

The portions of the statute governing the causes for discipline of a real estate license directly applicable read as follows:

"The commission may cause a complaint to be filed with the administrative hearing commission ... when the commission believes there is a probability that a licensee has performed or attempted to perform any of the following acts:

\* \* \* \* \* \*

(10) Obtaining a real estate license for himself ... by false or fraudulent representation, fraud or deceit;

\* \* \* \* \* \*

(15) Committing any act which would otherwise be grounds for the commission to refuse to issue a license under section 339.040;

\* \* \* \* \* \*

(17) Being found guilty in a court of this state, or of any other state, or of the United States, of forgery, embezzlement, obtaining money under false pretenses, extortion, criminal conspiracy to defraud or other like offenses;

(18) Any other conduct which constitutes untrustworthy, improper or fraudulent business dealings, or demonstrates bad faith or gross incompetence."

§ 339.100.2.

Section 339.100.2 has been considered in a series of cases. Section 339.100 was amended in 1978. *Propp v. Missouri Real Estate Commission*, 504 S.W.2d 137 (Mo. App.1973) recognized but distinguished *Robinson* in finding the licensee's conduct was connected with his duties as a broker. *Boyle v. Missouri Real Estate Commission*, 537 S.W.2d 603 (Mo.App.1976) distinguished *Robinson* on a similar basis. *Missouri Real Estate Commission v. McGrew*, 740 S.W.2d 254 (Mo.App.1987) held that MREC could discipline a broker even though he was acting for himself where he represented himself as broker to the in-

jured parties. In so holding the court did not directly comment upon the effect of the 1978 amendment of § 339.100. However, it declared:

"Once applicability of Chapter 339 is established by finding a real estate broker under the statute (i.e., one who acts for another), the revocation and suspension sections apply to activities 'in the conduct of his business' or 'in any transaction' or to bad faith in general. ... Just because the broker was not acting for a principal should not allow his conduct to go without discipline from the commission, particularly where ... represented himself as a broker to the injured parties." *Id.* at 255.

In *Missouri Real Estate Commission v. Berger,* supra, the court held that a real estate salesperson's license could not be revoked because of his conviction for trafficking in narcotics. The MREC had relied upon § 339.100.2(15). In construing that subsection the court noted *Robinson,* but made the following observation:

"In 1978 the statute was amended to add the word 'business.' L.1978, p. 617. That amendment presumably expanded the conduct of the licensee which could form the basis of discipline to business dealings *beyond his real estate activities,* but it clearly restricted the conduct to that involving business." (Emphasis added.) *Berger,* 764 S.W.2d at 708.

Nevertheless, the court held MREC could not revoke the salesperson's license *solely* because of a conviction for a crime not included in § 339.100.2(17).

The MREC first argues that *Robinson* was a too-narrow construction of § 339.100 then in force. That section then provided eleven causes for discipline. Ten clearly referred to acts in the conduct of the real estate business. Subsection (7) provided: "Any other conduct which constitutes untrustworthy or improper, fraudulent or dishonest dealings, or demonstrates bad faith or gross incompetence." In *Robinson* the court held subsection (7) referred only to conduct in the real estate business. In *Robinson,* the court relied heavily upon *Blakeley v. Miller, Real Estate Com'r,* 232 Iowa 980, 7 N.W.2d 11 (1942). *Blakeley* did hold that a subsection prescribing a cause for discipline conduct which constitutes improper, fraudulent or dishonest dealing referred to such conduct in the course of the real estate business. However, the opening section of the applicable Iowa statute expressly limited the subsequently stated causes to "acts mentioned herein". Cf. *Schoenhut v. Com., State Real Estate Commission,* 71 Pa.Cmwlth. 230, 455 A.2d 225 (1983). The Iowa court held the phrase " 'acts mentioned herein' must mean the acts of a real estate salesman or real estate broker, for which a license is required, in section 1905.20." *Blakeley,* 7 N.W.2d at 13.

Section 339.100 did not then and does not now contain such a limitation. *Robinson* was contrary to the construction of clauses such as untrustworthy, improper, fraudulent, or dishonest dealings, or demonstrates bad faith or gross incompetence adopted in most jurisdictions. See Annot., License Revocation—Real Estate Broker, 22 A.L.R.4th 136 (1983); *Schoenhut v. Com., State Real Estate Commission,* supra.

However, the resolution of this case does not require this court to accept or reject *Robinson.* Section 339.100 has been materially amended. It is presumed the legislature was aware of *Robinson.* "When the legislature amends a statute, it is presumed it intends to make a change in the existing law." *Missouri Dental Bd. v. Bailey,* 731 S.W.2d 272, 274 (Mo.App.1987).

"Fundamentally, we seek to ascertain the intent of the lawmakers and to give effect to that intent. *Citizens Bank & Trust Company v. Director of Revenue,* 639 S.W.2d 833, 835 (Mo.1982); *State v. Kraus,* 530 S.W.2d 684, 685 (Mo.banc 1975). A court normally accomplishes this task by attributing to the words used in the statute their plain and ordinary meaning." *Sermchief v. Gonzales,* 660 S.W.2d 683, 688 (Mo.banc 1983).

■ Section 339.100.2(17), added by the amendment of 1978, defines a cause for discipline as being found guilty of "forgery, embezzlement, obtaining money under false pretenses, extortion, criminal con-

spiracy to defraud or other like offenses." The plain and ordinary meaning of that language includes the like offense of stealing funds. Section 339.100.2(18) was amended to add the word "business." As observed in *Berger*, the plain and ordinary meaning of that amended section includes a licensee's business dealings beyond his real estate activities. As amended, § 339.100.2(18) condemns conduct which constitutes untrustworthy business dealings, which includes the appropriation of funds paid to a licensee as a part of his insurance business. Cf. *Missouri Dental Bd. v. Bailey*, supra, in which the court found an amendment eliminated the element of intent in respect to repeated irregularities in billing as a basis for discipline. The finding of the AHC that such conduct is cause for discipline of a respondent's real estate license was not erroneous as a matter of law.

That finding was "grounds for the suspension or revocation of his license by the commission, or the placing of the licensee on probation on such terms and conditions as the real estate commission shall deem appropriate." § 339.100.3. A determination of the appropriate discipline to be imposed was within the discretion of the MREC. The circuit court was not authorized to substitute its discretion for the discretion vested in the MREC. § 536.140.5. Its review was limited to a determination of whether or not the MREC abused its discretion. § 536.140.2(7).

"In resolving that question, the standard of review was succinctly stated in *James v. Turilli*, 473 S.W.2d 757, 763 (Mo.App. 1971), as follows: 'Judicial discretion is abused when a trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration; if reasonable men can differ about the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion. *Anderson v. Robertson*, Mo.App., 402 S.W.2d 589[3–4] [ (1966) ].' " *Shirrell v. Missouri Edison Co.*, 535 S.W.2d 446, 448 (Mo. banc 1976).

That limitation establishes that the order of discipline of the MREC was not an abuse of its discretion. The judgment of the circuit court is reversed and the decision and order of the AHC and MREC are reinstated and affirmed.

PREWITT, P.J., and HOGAN, J., concur.

## ON MOTION FOR REHEARING OR TRANSFER

PER CURIAM.

By a motion for rehearing or transfer, respondent contends this court has misapplied the law because respondent's "guilty plea and suspended imposition of sentence for 'stealing funds' " and discharge from probation do not constitute being found guilty within the meaning of § 339.100.2(17). The motion has no merit for two reasons.

First, the respondent did not in his Petition for Judicial Review allege he had not been *found guilty*. He made no such contention before the MREC, or the circuit court or in his brief before this court. In fact the respondent stipulated his conduct falls within § 339.100.2(17). It has long been settled "[r]espondents in motions for rehearing or to transfer will not be heard on afterthoughts nor on propositions or complaints concerning the disposition of original appeals which were not raised or made in their briefs." *State v. Oliver*, 520 S.W.2d 99, 101–102 (Mo.App.1975). The attempt to inject this issue into the case came too late. *Ackerman v. Globe–Democrat Publishing Company*, 368 S.W.2d 469, 480[12] (Mo.1963), cert. denied, 375 U.S. 949, 84 S.Ct. 353, 11 L.Ed.2d 276 (1963).

Second, *Meyer v. Missouri Real Estate Commission*, 238 Mo.App. 476, 183 S.W.2d 342 (1944) relied upon by respondent does not support his belated contention. *Meyer* held the statutory term convicted includes "the judgment of the court upon a verdict or confession of guilt." *Id.* 183 S.W.2d at 345. The significant difference between the term "convicted" and "found guilty" is demonstrated, and *Meyer* and other cases distinguished, in *Wolff v. State Board of*

*Chiropractic Examiners,* 588 S.W.2d 4 (Mo.App.1979). The distinction is underscored in *State v. LaPlant,* 673 S.W.2d 782 (Mo.banc 1984) in which the imposition of sentence was suspended. "By virtue of § 558.016.2 the essential showing was of a 'plea of guilty,' *whether or not followed by a judgment of conviction."* (our emphasis). *State v. LaPlant,* supra, at 785.

The respondent McCormick was found guilty when his plea of guilty was accepted. The suspension of sentence does not militate against that consequence. The motion is denied.

All concur.