Margie L. ANDREWS, Appellant,

v.

**MISSOURI REAL ESTATE COMMISSION,**
Respondent.

**No. WD 46143.**

Missouri Court of Appeals,
Western District.

March 9, 1993.

Edward C. Clausen, Jefferson City, for appellant.

William L. Webster, Atty. Gen., Greg A. Perry, Asst. Atty. Gen., Jefferson City, for respondent.

Before FENNER, P.J., and TURNAGE and KENNEDY, JJ.

KENNEDY, Judge.

The Missouri Real Estate Commission charged appellant, Margie L. Andrews, a licensed real estate salesperson, and her husband, Dean Andrews, a licensed real estate broker, with violations of section 339.100.2(2), (4) and (18), RSMo. After an evidentiary hearing before the Administrative Hearing Commission, the Commission found Margie L. Andrews was subject to discipline for violation of section 339.100.-2(2) and (4).

The Missouri Real Estate Commission suspended Margie L. Andrews's license for three months, with five years' probation. The circuit court affirmed on her appeal, and she has appealed to this court. We affirm, but remand to the Commission to reconsider the penalty assessed against the licensee.

Dean Andrews was also found to be subject to discipline, but his appeal is not before us.

The salient parts of section 339.100 read as follows:

2. The commission may cause a complaint to be filed with the administrative hearing commission as provided by law when the commission believes there is a probability that a licensee has performed

or attempted to perform any of the following acts:

(2) Making substantial misrepresentations or false promises or suppression, concealment or omission of material facts in the conduct of his business or pursuing a flagrant and continued course of misrepresentation through agents, salespersons, advertising or otherwise in any transaction;

(4) Representing to any lender, guaranteeing agency, or any other interested party, either verbally or through the preparation of false documents, an amount in excess of the true and actual sales price of the real estate or terms differing from those actually agreed upon;

Margie L. Andrews says the AHC's decision "is not supported by substantial and competent evidence, and is arbitrary, capricious and involves an abuse of discretion." *See* section 536.140, RSMo 1986. We first address the questions raised by that complaint.

The evidence developed upon the hearing was as follows:

As agent for seller William Thoenen, a real estate developer, Dean Andrews and Margie L. Andrews sold, in three different and separate transactions, three houses belonging to William Thoenen.

One sale was to James L. Farley and Janet L. Farley. The price was $46,900. The contract was dated August 3, 1983. The sale was contingent upon the Farleys' ability to secure conventional financing of 95 percent of the purchase price.

The sale contract between the seller and the Farleys provided for seller William Thoenen to carry back the $2,345 down payment on a second mortgage on the property. Margie L. Andrews prepared this contract, filling in blanks on a printed form in her own handwriting. Margie L. Andrews prepared a second contract between the same parties, with the same date, signed both by sellers and buyers, but which omitted the seller's obligation to carry back the $2,345 down payment.

The Farleys made an application to City National Savings and Loan for a purchase money loan of $44,555, representing 95 percent of the purchase price. The lender required, in order to grant the loan, that the five percent down payment be from the buyer/borrower's own funds, which they were not obligated to repay. Margie L. Andrews knew about this requirement.

The Farleys submitted to City National, in connection with their loan application, a letter from Janet Farley's sister, saying that she had given the Farleys the $2,345 as a gift. This was a misrepresentation. They submitted to City National, as the sale contract the second contract prepared by Margie L. Andrews, the one which omitted the provision for the seller's carrying back the down payment.

It is a permissible inference that Margie L. Andrews prepared the contract which omitted the provision about the seller's carrying back the $2,345 down payment, in order to aid the buyers in misleading the lender about the source of the down payment. Margie L. Andrews's explanation offered in exculpation seemed to refer to two contracts of different date—an earlier one which had expired, and then a later one. The AHC was not obliged to accept this explanation. The AHC's fact finding is supported by competent and substantial evidence.

The second sale was a sale of a house to Randy J. Rippee and his wife, Deborah K. Rippee. The sales contract was dated April 5, 1984. The sale price was $45,500. Seller agreed to carry back the $5,000 down payment on a second mortgage. The Rippees sought a loan of $40,500 from City National Savings and Loan. In a variation on the Farley transaction, Margie L. Andrews prepared a contract omitting the seller's agreement to finance the $5,000 down payment, and prepared an addendum which added this provision. The contract was submitted to City National without the addendum. The Rippees, along with their loan application, submitted to City National a letter from Deborah K. Rippee's father, stating that he would give the Rippee couple the down payment at the date of clos-

ing. The letter was secured and submitted, according to the testimony of Randy J. Rippee, on the express advice of Margie L. Andrews. Margie L. Andrews also told the Rippees not to tell City National the seller was carrying back the down payment—that, if they did, City National would not make the loan. For that reason, according to Randy J. Rippee's testimony, they did not submit the contract addendum which contained seller's agreement to carry back the down payment.

The AHC's findings with respect to Margie L. Andrews's participation in the deception of City National in connection with the Rippee sale are supported by substantial and competent evidence upon the whole record.

The third sale was to Mark and Joyce Grider. There is no evidence, nor is there any fact finding by the AHC, that Margie L. Andrews was in any way involved in this transaction. Her husband, Dean Andrews, handled this transaction, without any participation by Margie L. Andrews.

■ Margie L. Andrews on this appeal challenges the AHC's conclusion that Margie L. Andrews's conduct in the Farley and Rippee cases constituted "making substantial misrepresentations," and "concealment or omission of material facts in the conduct of (her) business," within the meaning of section 339.100.2(2). The AHC was correct in its conclusion, however, that Margie L. Andrews's active participation with the buyers in their misrepresentations to City National about the source of the respective down payments, constituted a violation of section 339.200.2(2). It was not necessary that such representations be made by Margie L. Andrews directly to City National. It is enough that Margie L. Andrews counselled and assisted the Farleys and the Rippees to make the misrepresentations, and to conceal material facts, knowing (as may be inferred) that City National would rely upon the misrepresentations to its detriment.

■ Margie L. Andrews's conduct in the Farley and Rippee cases also falls squarely within the language of section 339.100.2(4). By preparing contracts which omitted the seller's undertaking to finance the down payment, which she knew and intended should be presented to the prospective lender, City National, Margie L. Andrews represented to the lender "through the preparation of false documents ... terms differing from those actually agreed upon." The AHC was correct in this conclusion of law.

■ Our next question is whether Margie L. Andrews, on the basis of the foregoing facts as found by the AHC comes within the terms "flagrant and continued course of misrepresentation through agents, salespersons, advertising or otherwise in any transaction," as used in section 339.100.2(2). The AHC concluded it did, and Margie L. Andrews on this appeal contends it did not.

We hold as a matter of law two isolated transactions, separated by eleven months, are not the "continued course of misrepresentation" contemplated by subparagraph (2). We undertake no bright line rule as to how many instances of misrepresentation over what period of time might be considered a "continued course." We hold only that two such instances, separated by eleven months, in the circumstances of this case are not a "continued course of misrepresentation" which subjects Margie L. Andrews to discipline.

Law Professor Dale Whitman, a member of the Missouri Real Estate Commission, testified in the hearing before the AHC. His testimony is said by Margie L. Andrews to have been erroneously received. The import of his testimony was that the conduct of the Andrewses, as hypothesized in a question, was "conduct which constitute(d) untrustworthy, improper or fraudulent business dealings, or demonstrate(d) bad faith or gross incompetence," within the meaning of section 339.100.2(18).[1]

Margie L. Andrews complains also of the reception into evidence of the telephone deposition of Deborah Rippee, divorced wife of Randy J. Rippee.

---

1. We note Professor Whitman did not participate in the Commission proceedings initiating the complaint against the Andrewses, and did not participate in the assessment of the penalty against the Andrewses.

We do not need to decide the admissibility of the Whitman and Rippee evidence complained of. Putting such evidence aside, the decision of the AHC is supported by other competent and substantial evidence, except in the matter of the allegation of "flagrant and continued course of misrepresentation," as heretofore noted. We do not reverse decisions of the AHC because of the erroneous admission of incompetent evidence, so long as the decision is supported by substantial competent evidence. *Green v. Director of Revenue*, 745 S.W.2d 818 (Mo.App.1988).

Margie L. Andrews complains that the sanctions imposed by the Missouri Real Estate Commission are unreasonably severe, and their imposition was an abuse of discretion. She says also that the conditions of her probation are vague and overly restrictive. The court on appeal rarely interferes with sanctions imposed by an administrative commission which are within the statutory authority of the commission. A part of the expertise of the members of the Commission consists of the ability, drawn from their knowledge of the industry practices and standards, to assess the gravity of the licensee's infractions, and to fit the sanction to the offense. *See Missouri Real Estate Commission v. McCormick*, 778 S.W.2d 303 (Mo.App.1989). Nevertheless, since we have found the AHC erred in holding the conduct of Margie L. Andrews was the "flagrant and continued misrepresentation" of section 339.100.2(2), the Commission will have the opportunity to reconsider the penalty imposed. The Commission will also have the opportunity upon remand to reconsider the conditions of Margie L. Andrew's probation, which she says are vague and overly restrictive.

Judgment affirmed, but cause is remanded to Missouri Real Estate Commission for reconsideration of penalty imposed in light of foregoing opinion.

All concur.