Hyman Mishkin *v.* Commonwealth of Pennsylvania, State Real Estate Commission. Hyman Mishkin, Appellant.

Argued September 10, 1976, before President Judge BOWMAN and Judges MENCER and BLATT, sitting as a panel of three.

*John W. Beyer,* with him *Robert H. Reese, Jr., and Arnold, Bricker, Beyer & Barnes,* for appellant.

*Louis B. Rubin,* Assistant Attorney General, with him *Richard W. Baseman,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY PRESIDENT JUTGE BOWMAN, October 26, 1976:

By an order dated November 24, 1975, the State Real Estate Commission (Commission) revoked for an indefinite period of time appellant's license to practice as a real estate broker.

After hearing upon the complaint of Mr. and Mrs. Henry Thomas, the Commission made the following findings of fact and concluded that appellant violated Sections 10(a)(1), 10(a)(2), 10(a)(5), 10(a)(7) and 10(a)(11)(i), of the Real Estate Brokers License Act, Act of May 1, 1929, P.L. 1216, *as amended,* 63 P.S. §440(a):

"4. Respondent did represent to complainants in late December of 1972, that he had a 'gift' for them of $1,500.

"5. Respondent did not adequately explain to complainants the actual source of these funds.

"6. Respondent did attempt to conceal the full amount of the subject check from complainants.

"7. Respondent did retain approximately $500 of a total of $2,009.

"8. Respondent never placed aforesaid $500 in an escrow account.

"9. Subject check in the amount of $2,009 was not originally received by or delivered to complainants.

"10. Complainants did not seek out respondent in an effort to gain his assistance in refinancing their property nor ask him to perform any services whatsoever.

"11. Respondent did represent to complainants that he (Respondent) would give them an additional $1,500, clear title to their home and monthly payments of $55.

"12. Respondent never adequately explained to complainants the nature of the transaction involving a check in the amount of $2,009."

The issuance of the check in question by the Lancaster Redevelopment Authority as a supplemental relocation payment due the complainants is the genesis of the events that followed culminating in the Commission order from which this appeal is taken. It is uncontradicted in the record that the check for $2,009 was made payable to the complainants, negotiated by the payees and the cancelled check returned to the Authority. As to whom it was originally sent or delivered, the only impartial evidence is that of the general business practices of the Authority of mailing or delivering such checks to only the payees. The complainants flatly deny they received the check by mail or otherwise whereas appellant testified that he first saw the check after being contacted by complainants concerning an appropriate use of the check's proceeds. Thus, on this critical fact, out of which all subsequent events flowed, issues of weight and credibility were faced by the Commission and resolved in favor of the complainants. Similarly, the record discloses conflicting testimony as to all other facts which the Commission found favorable to complainants.

Appellant contends, however, that the Commission's findings of fact are not supported by substantial evidence and that its conclusions of law are not supported by the findings of fact. Upon consideration of the record, we find both contentions to be without merit.

The scope of our review of the Commission's determination is limited by Section 44 of the Administrative Agency Law, Act of June 4, 1945, P.L. 1388, *as amended,* 71 P.S. §1710.44, which provides in pertinent part:

"After hearing, the court shall affirm the adjudication unless it shall find that same is in violation of the constitutional rights of the appellant, or is not in accordance with law, . . . or that any finding of fact made by the agency and necessary to support its ad-

judication is not supported by substantial evidence. If the adjudication is not affirmed, the court may set aside or modify it, in whole or in part, or may remand the proceeding to the agency for further disposition in accordance with the order of the court."

It is thus not the function of this Court to substitute its discretion for that of the Commission. *Wallace v. Insurance Department of the Commonwealth of Pennsylvania,* 9 Pa. Commonwealth Ct. 567, 308 A.2d 162 (1973). Nor is it our function to review determinations regarding credibility of witnesses. *State Real Estate Commission v. Miller,* 21 Pa. Commonwealth Ct. 483, 346 A.2d 861 (1975).

With our scope of review thus limited, it is not necessary to examine in depth the record of the hearing. The Commission determined that appellant's account of the transaction was not worthy of credence. Thus, it cannot be gainsaid that complainants' testimony made out a prima facie case of professional misconduct, and that the Commission's determination was supported by substantial evidence. Nor, on the basis of the Commission's findings of fact, can it be gainsaid that appellant committed those violations of the Real Estate Brokers License Act for which he was disciplined.

While the Commission is vested with the discretionary power to impose penalties for violations of Section 10 of the Real Estate Brokers License Act, up to and including revocation of licenses, Act of May 1, 1929, P.L. 1216, *as amended,* 63 P.S. 440(a), this Court is duty bound to correct abuses of discretion in the imposition of the penalty. *Benford v. Real Estate Commission,* 8 Pa. Commonwealth Ct. 89, 94, 300 A. 2d 922, 925 (1973).

In this case we believe the penalty imposed by the Commission—the maximum penalty it is authorized to impose—is too severe. The record discloses that

appellant has an unblemished record of more than fifty years as a real estate broker. There is evidence that the complainants and appellant had known each other for many years in a landlord-tenant relationship with no particular conflicts and the findings of fact by the Commission do not disclose that whatever version one may accept of the events in question appellant's efforts were not directed to defrauding complainants. Under such circumstances we shall modify the penalty imposed by the Commission.

ORDER

Now, October 26, 1976, the penalty imposed by the State Real Estate Commission is hereby modified to a suspension of six months duration from the date hereof. As so modified, the adjudication of the Commission is affirmed.