Samuel B. Ginsberg, Petitioner *v.* Commonwealth of Pennsylvania, Department of State, Bureau of Professional and Occupational Affairs and Pennsylvania State Real Estate Commission, Respondents.

Argued October 10, 1980, before Judges ROGERS, MACPHAIL and PALLADINO, sitting as a panel of three.

*Alan M. Bredt,* of *Joseph H. Weiss Associates,* for petitioner.

*Joseph S. Rengert,* Assistant Attorney General, with him *James J. Kutz,* Chief Counsel and *Harvey Bartle, III,* Attorney General, for respondents.

OPINION BY JUDGE MACPHAIL, December 11, 1980:

This is an appeal by Samuel B. Ginsberg (Petitioner) from an Adjudication and Order of the Pennsylvania State Real Estate Commission (Commission) dated December 10, 1979 revoking Petitioner's license as a real estate broker pursuant to Section 10(a)(1), (3), (7), and 11(b) of the Real Estate Brokers License Act (Act).[1]

On September 25, 1978 the Petitioner pled guilty in the United States District Court, Eastern District

---

[1] Act of May 1, 1929, P.L. 1216, *as amended,* 63 P.S. §§440(a) (1), (3), (7), and 441(b). Section 440(a) reads in pertinent part as follows:

(a) The commission may, upon its own motion, and shall, promptly, upon the verified complaint in writing of any person setting forth specifically the wrongful act or

of Pennsylvania, to twelve counts of submitting false statements to the United States Department of Housing and Urban Development in violation of 18 U.S.C. §1010 and one count of conspiracy in violation of 18

acts complained of, investigate any action or business transaction of any licensed real estate broker or real estate salesman; and shall have the power temporarily to suspend or permanently to revoke licenses theretofore issued by the department, under the provisions of this act, at any time when, after due proceedings as hereinafter provided, it shall find the holder thereof to have been guilty.

(1) Of knowingly making any substantial misrepresentation; or

. . .

(3) Of a continued or flagrant course of misrepresentation, or making of false promises through agents or salesmen; or

. . .

(7) Of any act or conduct in connection with a real estate transaction which demonstrates incompetency, bad faith, or dishonesty;

. . . .

Section 441(b) reads as follows:

(b) Where during the term of any license issued by the department, the licensee shall have pleaded guilty, or entered a plea of nolo contendere, or has been found guilty in a court of competent jurisdiction, in this or any other state, of forgery, embezzlement, obtaining money under false pretenses, extortion, criminal conspiracy to defraud, bribery, or other offense or offenses, involving the misappropriation, larceny or burglary of money or property belonging to the Commonwealth or any of its political subdivisions or to private persons, businesses or corporations or involving obligations insured by the United States of America or any of its agencies or the Commonwealth of Pennsylvania or any of its agencies, and a duly certified or exemplified copy of the record in such proceeding shall be filed with the commission, the commission shall revoke forthwith the license by it theretofore issued to the licensee so convicted.

U.S.C. §371. These crimes were committed in his capacity as a real estate broker and are within the scope of Section 11(b) of the Act.

At the hearing before the Commission, the Commonwealth produced as evidence a certified copy of Petitioner's guilty plea. Petitioner was given an opportunity to challenge the validity of the Commonwealth evidence. Petitioner's license was revoked. Petitioner filed a Petition for Review with this Court.

Petitioner alleges that he was denied due process in the revocation of his license pursuant to the statutory provision mandating such revocation when the licensee has been convicted or has pled guilty to one or more of the crimes described therein. We disagree.

This case is factually similar to and is clearly controlled by our decision in *Meth v. Commonwealth State Real Estate Commission*, 14 Pa. Commonwealth Ct. 203, 321 A.2d 221 (1974). In that case, the Commission relied on nolo contendere pleas in the Federal Court in revoking two real estate brokers licenses. The brokers argued that they had been denied due process. In refuting this argument, Judge CRUMLISH (now President Judge CRUMLISH) said, ''we find it clear that the Commission has no duty to look beyond the nolo contendere plea to determine the substance of the allegations. Once a plea to offenses outlined in Section 11(b) has been taken, Appellants are at that moment in violation.'' *Id*. at 207, 321 A.2d at 223.

Accordingly, the order of the Commission revoking Petitioner's broker's license is affirmed.

### ORDER

AND Now, this 11th day of December, 1980, the order of the Pennsylvania State Real Estate Com-

mission, dated December 10, 1979, revoking the real estate brokers license of Samuel B. Ginsberg is affirmed.