David Forthuber and Karen Duncan *v.* City of Pittsburgh, Department of Personnel and Civil Service Commission, City of Pittsburgh, Appellant.

Argued May 3, 1982, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Bernard M. Schneider,* Assistant City Solicitor, with him *Virginia I. Cook,* Assistant City Solicitor, *D. R. Pellegrini,* Deputy City Solicitor, and *Mead J. Mulvihill, Jr.,* City Solicitor, for appellant.

*Emilio P. Fastuca,* for appellees.

OPINION BY JUDGE ROGERS, July 26, 1982:

The Director of the City of Pittsburgh's Department of Personnel and Civil Service Commission (Department) dismissed Karen Duncan and David Forthuber (appellees) from their positions of employment with the Department. After hearings, the Department of Personnel and Civil Service Commission Appeals Board modified the director's orders to provide for suspensions only—Duncan for sixty days and Forthuber for thirty. The city appealed and the Court of Common Pleas of Allegheny County affirmed the Appeals Board's order. The city has filed this further appeal.

Duncan was a Personnel Technician in the Examination Section of the Department and Forthuber was an Administrator I, a rating lower than Duncan's. In the course of her duties Duncan was assigned the work of making evaluations of written applications filed for the position of Senior Planner in the Department. Her duties in this connection were to examine the applications and to place each in one of the categories: meeting, appearing to meet or questionably meeting, the minimum qualifications for Senior Planner. Forthuber had filed an application for Senior Planner. At the conclusion of her work, Duncan placed Forthuber in the category of persons meeting the minimum requirements for the position.

At or about the time Duncan's work was finished and the product referred to her supervisor, another employee reported to the Director that he had observed Duncan at her desk with the applications for the Senior Planner before her and with Forthuber sitting beside her desk. There he overheard a conversation of Duncan and Forthuber concerning the relative merits of some of the applications. The fellow employee was drawn into the conversation by Duncan and Forthuber, during the course of which Duncan at one point, in apparently joking fashion, asked the fellow employee to look at an application and when he did saw that it was Forthuber's. The witness testified that the conversation concerning the applications lasted one, perhaps as long as two hours. The Director of the Department thereupon gave each Duncan and Forthuber a written notice of a five day suspension for their activities with respect to the applications for Senior Planner, which she described, and she charged the appellees with improper professional conduct. By the same notice Duncan and Forthuber were directed to respond in writing to the charge with reasons why their employment should not be terminated. They were warned that if they failed to reply or if their responses were unsatisfactory they would be dismissed. Duncan responded in writing to the effect that she had at no time consulted with Forthuber regarding her evaluation and that she did not authorize or permit Forthuber to assist her. Forthuber replied that he was a very ethical person and that the charges against him were groundless. The Director then dismissed the appellees for responding unsatisfactorily to her notice.

At the hearing conducted by the Appeals Board Duncan evaded responding to questions concerning the incident described by the fellow employee but seems to admit that Forthuber told her that he would

like to be the person given the position. Forthuber admitted that he was at Duncan's desk as described by the fellow employee and that he looked at the applications but that the interchange was of a jocular nature and that he did not participate with Duncan in evaluating the application.

There is also evidence in the record that applications for positions in the city's service were on other occasions the subject of humorous comment by the members of the staff of the Examination Section.

As noted, the Appeals Board decreased the Director's action of dismissals to suspensions. It found that the appellees' conduct was less than professional, that their treatment of the applications was irresponsible, and possibly compromising, but concluded that the stricture of dismissal was not justified because other persons in the Examination Section, as the record revealed, had on occasion treated applications loosely and inappropriately and that there had been no clear communication to the staff concerning professional ethics and standards with which these employees having charge of, or responsibility for, evaluating applicants should conform; and that therefore the ultimate discipline of dismissal should be reduced to suspension and reprimand.

Section 180.04 of the Pittsburgh Code of Ordinances deals with the organization of the Department of Personnel and Civil Service Commission and provides for the Appeals Board within the Department, with power in reviewing employee appeals from disciplinary actions "to affirm, reverse, increase or decrease the disciplinary decision of the . . . unit head . . ."—a wide grant of discretion indeed. The city principally argues that the Appeals Board by decreasing the decision of the Director abused that discretion. We disagree. "An abuse of discretion is not merely an error of judgment, but if in reaching a con-

clusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence of record, discretion is abused." *Mielcuseny v. Rosol,* 317 Pa. 91, 93-94, 176 A. 236, 237 (1934). While the case just cited was one involving the discretion given common pleas judges to open judgments, it would seem to us that this rule of narrow review should apply with greater effect, if possible, in the case of court review of the exercise of discretion by an administrative body, possessed as the law presumes, with expertise in the subjects committed to its charge. We have carefully reviewed the whole of the original record in this case and find no misapplication or disregard of the law, no manifestly unreasonable exercise of judgment or any trace of partiality, prejudice or bias on the part of the Appeals Board. There is, as the Board mentions, some evidence of light-spirited raillery by employees of the Examination Section concerning applications for positions in the city service and no clear evidence that persons in charge of the Section had made much effort to train the staff in the proper treatment of applicant materials.

In the closing operative paragraph of its decision, the Board said that "three things should occur" in this case: that all employees should be formally trained in the appropriate treatment and securing of applicant materials, that Duncan should be strongly reprimanded as well as suspended and that Forthuber should be reprimanded as well as suspended. The city complains that the Appeals Board overstepped its powers in ordering the Director to conduct training sessions. We agree that the Appeals Board is given no power to require agencies whose disciplinary actions it reviews how to conduct its affairs; but we do not read the Appeals Board's order in this case as

a directive, but as a suggestion which, having reviewed the record, seems to us to be wholly appropriate.

Order affirmed.

ORDER

AND Now, this 26th day of July, 1982, the order of the Court of Common Pleas of Allegheny County dated May 28, 1981 is affirmed.