William F. Schoenhut, Jr. and W. F. Schoenhut Corporation, Petitioners *v.* Commonwealth of Pennsylvania, State Real Estate Commission, Respondent.

Submitted on briefs June 11, 1982, to Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Michael J. Stack, Jr., Stack & Gallagher, P.C.,* for petitioners.

*Joseph S. Rengert,* Counsel, with him *James J. Kutz,* Assistant Counsel, and *David F. Phifer,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, January 17, 1983:

This is an appeal by William F. Schoenhut (Petitioner) and the W. F. Schoenhut Corporation from a decision and order of the State Real Estate Commission (Commission) revoking their respective real estate licenses. We affirm.

Petitioner, who was employed by Central Penn National Bank (Central Penn) as an assistant vice-president at the time, was issued a Pennsylvania real estate broker's license on July 6, 1973. Shortly thereafter, on July 19, 1973, Petitioner received shares of stock in the Green Meadow Holding Company. Green Meadow owned all the stock of the Karlee Corporation

and the stock in Green Meadow was given to Petitioner for his services in procuring for Karlee a loan and credit extension from Central Penn Bank valued at approximately $1,495,000. As a result of his participation in this transaction, Petitioner, who had left Central Penn in 1974 to start his real estate practice, was convicted, on May 8, 1979, in the United States District Court for the Eastern District of Pennsylvania of:

(1) receiving, as an employee of the bank, a commission and/or gift for aiding in the procurement of a loan in violation of 18 U.S.C. §215;

(2) participating in a criminal conspiracy in violation of 18 U.S.C. §371; and

(3) submitting false reports to Central Penn in violation of 18 U.S.C. §1005.

The District Court subsequently fined Petitioner $10,000 and imposed a prison sentence on him of one year and one day.

On August 1, 1980, the Commission issued Petitioner a citation for a hearing to show cause why his real estate license should not be revoked, because of his convictions, pursuant to Sections 10(a) and 11(b) of the Real Estate Brokers Act of 1929 (Act),[1] 63 P.S. §§440(a) and 441(b). At a hearing on the matter held on November 13, 1980, the Commission's case against

---

[1] Act of May 1, 1929, P.L. 1216, *as amended.* The Real Estate Brokers License Act of 1929 was repealed as of February 19, 1980 by Section 901 of the Real Estate Licensing Act, Act of February 19, 1980, P.L. 15, 63 P.S. §455.901. The case at bar arises under the terms of the repealed legislation, however, by virtue of the requirement of Section 901(3) of the Real Estate Licensing Act that "[a]ll offenses alleged to have occurred prior to the effective date of this act shall be processed under the act of May 1, 1929. . . ." 63 P.S. §455.901(3).

Petitioner consisted entirely of proof of his criminal convictions. Petitioner, in turn, offered his own testimony as to his activities as a real estate broker plus that of three character witnesses who attested to Petitioner's reputation for ability and honesty in the real estate community. Also introduced into evidence were two letters praising Petitioner's conduct as a real estate broker. On June 9, 1981, the Commission issued a decision and order finding Petitioner in violation of Sections 10(a)(1)[2] and 11(b)[3] of the Act. The Commission therefore revoked Petitioner's real estate li-

[2] Section 10(a)(1) of the Act reads in pertinent part:

(a) The commission may, upon its own motion, and shall, promptly, upon the verified complaint in writing of any person setting forth specifically the wrongful act or acts complained of, investigate any action or business transaction of any licensed real estate broker or real estate salesman; and shall have the power temporarily to suspend or permanently to revoke licenses theretofore issued by the department, under the provisions of this act, at any time when, after due proceedings as hereinafter provided, it shall find the holder thereof to have been guilty.

(1) Of knowingly making any substantial misrepresentation. . . .

[3] Section 11(b) of the Act reads:

(b) Where during the term of any license issued by the department, the licensee shall have pleaded guilty, or entered a plea of nolo contendere, or has been found guilty in a court of competent jurisdiction, in this or any other state, of forgery, embezzlement, obtaining money under false pretenses, extortion, criminal conspiracy to defraud, bribery, or other offense or offenses, involving the misrepresentation, larceny or burglary of money or property belonging to the Commonwealth or any of its political subdivisions or to private persons, businesses or corporations or involving obligations insured by the United States of America or any of its agencies or the Commonwealth of Pennsylvania or any of its agencies, and a duly certified or exemplified copy of the record in such proceeding shall be filed with the commission, the commission shall revoke forthwith the license by it theretofore issued to the licensee so convicted.

cense as well as that of his company, the W. F. Schoenhut Corp. The appeal to this Court followed.

This Court's scope of review of decisions by the Commission which revoke a broker's license, "is limited to determining whether the Commission abused its discretion, committed an error of law, or made findings of fact not based on substantial evidence." *Shober v. State Real Estate Commission*, 62 Pa. Commonwealth Ct. 110, 113, 435 A.2d 284, 286 (1981).

Petitioner's initial challenge to the decision of the Commission is that application of Sections 10(a)(1) and 11(b) of the Act to Petitioner is "unconstitutional" because the record is devoid of evidence indicating any likelihood of, or potential for, harm to the public if Petitioner is allowed to continue the practice of real estate. The Commission, however, is under no obligation to conform its decision to any assessment of Petitioner's character. Petitioner, solely by virtue of his conviction for offenses outlined by Section 11(b) of the Act and activities encompassed by Section 10 (a), is in violation of the Act and a license revocation is appropriate. *See Ginsberg v. Department of State, Bureau of Professional and Occupational Affairs*, 55 Pa. Commonwealth Ct. 255, 422 A.2d 1239 (1980); *Meth v. State Real Estate Commission*, 14 Pa. Commonwealth Ct. 203, 321 A.2d 221 (1974).

Petitioner also argues that the Commission has committed an abuse of discretion by applying Sections 10(a)(1) and/or 11(b) of the Act to Petitioner in that the convictions introduced as evidence of a violation of the Act were unrelated to the practice of real estate. Even assuming arguendo that Petitioner's convictions were unrelated to the practice of real estate, we disagree.

The Act is penal in nature and must be strictly construed. *Grasso v. State Real Estate Commission*, 14 Pa. Commonwealth Ct. 196, 320 A.2d 912 (1974). Sec-

tion 10(a) of the Act permits the Commission to "investigate *any* action or business transaction of any licensed real estate broker. . . ." (Emphasis added.) Insofar as the portion of Section 10(a) pursuant to which Petitioner's license was revoked, *i.e.*, a substantial misrepresentation under Section 10(a)(1), is concerned, there is no language restricting its application to the practice of real estate. Similarly, the only qualification placed on a license revocation pursuant to a conviction for one of the crimes of dishonesty itemized in Section 11(b) is that the conviction must have arisen during the term of the license. Petitioner's convictions at issue herein arose during the term of his license, they involved crimes encompassed by Section 11(b), and they involved substantial misrepresentation on the part of Petitioner. Thus, the Commission did not commit an abuse of discretion by revoking Petitioner's license. Such a holding is consistent with, and a logical expansion of, the holding of the Superior Court in *State Real Estate Commission v. Tice,* 200 Pa. Superior Ct. 553, 190 A.2d 188 (1963) where, in ruling that the Act applies not only to persons involved in an agency transaction, but also to a broker who is selling his own property,[4] that court stated:

> The court below construed our Real Estate Brokers License Act so that it would apply only to persons in connection with an agency transaction and would not apply to a person who was selling his own property. In our judgment, there can be no justification of an interpretation of the licensing act which would allow a broker to be honest as a broker and dishonest as a property owner. A broker who is dishonest or incompetent in the real estate activities in which

---

[4] *See also Fibus v. State Real Estate Commission,* 7 Pa. Commonwealth Ct. 74, 299 A.2d 375 (1973).

he is involved as owner, is not likely to be honest or competent in his activities which are purely brokerage in nature. The purpose of real estate licensure is to bar the dishonest or incompetent from entry into this occupation. . . .

Our licensing law requires an individual broker applicant to furnish to the commission evidence of his "honesty, truthfulness, and good repute." Section 7(b) of the Real Estate Brokers License Act, 63 P.S. §437(b).

*Id.* at 559, 190 A.2d at 190-191 (citation omitted). Accordingly, we affirm the Commission's revocation of Petitioner's and the W. F. Schoenhut Corporation's real estate licenses.

ORDER

Now, January 17, 1983, the adjudication and order of the State Real Estate Commission in the above captioned matter, dated June 9, 1981, is hereby affirmed.

