Richard M. Pastorius, Petitioner *v.* Commonwealth of Pennsylvania, State Real Estate Commission, Respondent.

Submitted on briefs September 12, 1983, to Judges ROGERS, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*James N. Perich,* for petitioner.

*Michael L. Solomon,* Counsel, with him *Edward D. Frank, II* Chief Counsel, and *David F. Phifer,* General Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., October 20, 1983:

Richard M. Pastorius (Petitioner) appeals from the State Real Estate Commission's (Commission) adjudication and order revoking his real estate broker's licensing for violating myriad provisions of the Real Estate Brokers License Act (1929 Act) and the Real Estate Licensing and Registration Act (1980 Act).[1]

The Commission's uncontroverted factual findings establish that in September 1978 Petitioner received a $500 earnest deposit check from a prospective purchaser. The down payment check, to be held in escrow pending consummation of a real estate transaction, was deposited in Petitioner's personal, rather than in a separate trust, account. Soon thereafter, the deal terminated, and, despite payor's repeated demands

---

[1] The 1929 Act, Act of May 1, 1929, P.L. 1216, *as amended,* 63 P.S. §§431-448 was repealed, effective February 19, 1980, by Section 901 of the 1980 Act, Act of February 19, 1980, P.L. 15, *as amended,* 63 P.S. §455.901. A similar Act is now found in Sections 201-902 of the 1980 Act, 63 P.S. §§455.201-455.902.

Petitioner was cited under the provisions of both the now repealed 1929 Act and the 1980 Act inasmuch as certain violations antedated February 19, 1980, the effective date of the 1980 Act. Section 901(3) of the 1980 Act, 63 P.S. §455.901(3), requires that offenses alleged to have occurred prior to February 19, 1980, be processed under the 1929 Act.

for the return of his earnest deposit, the money was not refunded until two years later. In response to payor's complaints, a Commonwealth professional license inspector twice visited Petitioner's office in March and August 1980, to inspect escrow records. On both occasions Petitioner did not present such records for inspection. Further, Petitioner failed to submit his escrow records for review during an informal conference held on October 17, 1980, notwithstanding having received notice of the Commission's written demand for the records.

On March 26, 1981, the Commission issued Petitioner a citation and notice of hearing to show cause why his real estate license should not be suspended or revoked for numerous violations of the 1929 and 1980 Acts.[2] During the hearing held on June 19, 1981, Petitioner, unrepresented by counsel, admitted generally to having committed the offenses cited. The Commission, therefore, pursuant to Section 10(a) of the 1929 Act, 63 P.S. §440(a) and Section 604 of the 1980 Act, 63 P.S. §455.604, revoked Petitioner's real estate license, because of, *inter alia,* (1) Petitioner's commingling of the earnest money with his personal funds, and his subsequent failure to (2) return the down payment upon the termination of the real estate transaction; (3) maintain escrow records for inspection; and, (4) produce such records for the Commission's review. The appeal to this Court followed.

---

[2] Petitioner. was cited for, and was eventually found guilty of violating the following provisions of the 1929 Act: Section 10(a)(5), (7), (11)(i), (iii), (iv) and(v), 63 P.S. §440(a)(5), (7), (11) (i), (iii), (iv) and (v).

The cited 1980 Act violations, for which Petitioner was eventually held to be responsible, are as follows: Section 604(5)(i), (iii), (iv), (v), (15), (17) and (20), 63 P.S. §455.604(5)(i), (iii), (iv), (v), (15), (17) and (20).

Our scope of review of Commission decisions which revoke a real estate broker's license, is limited to determining whether the Commission abused its discretion, committed an error of law, or made findings of fact not based on substantial evidence. *Schoenhut v. State Real Estate Commission*, 71 Pa. Commonwealth Ct. 230, 455 A.2d 225 (1983).

The sole issue properly raised[3] by Petitioner is whether the license revocation penalty is too harsh and therefore an abuse of discretion of the Commission. In *Forthuber v. City of Pittsburgh*, 67 Pa. Commonwealth Ct. 627, 447 A.2d 1106 (1982), we stated that

> [a]n abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence of record, discretion is abused.

*Id.* at 630-31; 447 A.2d at 1107. (Quoting from *Mielcuszny v. Rosol*, 317 Pa. 91, 93-84, 176 A. 236, 237 (1934)). While this Court is required to correct abuses of discretion in the manner or degree of penalties imposed, *Mishkin v. State Real Estate Commission*, 27 Pa. Commonwealth Ct. 17, 20, 365 A.2d 704, 706 (1976), we will not, absent a manifestly unreasonable exercise of judgment, substitute our discretion for that of the Commission, an administrative body endowed with expertise in matters subject to its juris-

---

[3] Arguing further that the colloquy wherein he waived his right to counsel was inadequate, Petitioner seeks a remand. Petitioner, however, did not raise this issue in the "statement of questions involved" portion of his brief and thus the issue is waived. *See*, Pa. R.A.P. 2116(a).

diction. *Id., see also, Forthuber,* 67 Pa. Commonwealth Ct. at 631, 447 A.2d at 1107-08.

After carefully studying the record we find no impropriety in the penalty imposed *sub judice.* Accordingly, we affirm the adjudication and order of the Commission.

ORDER

AND Now, this 20th day of October, 1983, the order of the State Real Estate Commission in the above-captioned matter is affirmed.