# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tonya Stanley, Bonnie Dibble,  :     **CASES CONSOLIDATED**
and Jeffrey Dibble,  :
                          Petitioners  :
  :
         v.  :   Nos.   688 C.D. 2022
  :              740 C.D. 2022
Department of Environmental  :
Protection, and Coterra Energy  :
Inc. f/k/a Cabot Oil and Gas  :
Corporation  :
(Environmental Hearing Board),  :
                          Respondents  :   Submitted: June 4, 2024


## OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                        FILED: November 21, 2024


Tonya Stanley, Bonnie Dibble, and Jeffrey Dibble (collectively, Landowners) petition for review from two orders issued by the Environmental Hearing Board (Board) dated June 7, 2022, and June 15, 2022, respectively. The Board's June 7, 2022 order granted Coterra Energy, Inc.'s (Coterra)[1] Motion for Sanctions in the Form of Legal Fees (Sanctions Order), and the Board's June 15, 2022 order granted Coterra's oral motion for nonsuit and dismissed Landowners' appeal (Nonsuit Order).[2] The Board has never before imposed sanctions for a violation of 25 Pa. Code § 1021.31. In this context, although unprecedented, there is more than enough evidence of egregious conduct by Landowners' attorney, Lisa

---

[1] Coterra is fictitiously known as Cabot Oil and Gas Corporation. The record in this case and the parties' briefs, at times, refer to Coterra as Cabot. We use only the former here for clarity.

[2] The Sanctions Order was appealed at Docket No. 688 C.D. 2024. The Nonsuit Order was appealed at Docket No. 740 C.D. 2022. On September 20, 2022, this Court consolidated the appeals.

Johnson, Esquire (Attorney Johnson) to establish "bad faith, harassment, unwarranted delaying tactics, and outright lying to the Board and opposing counsel, not to mention highly disrespectful, unprofessional conduct in general" such that, for the reasons that follow, both Orders are affirmed. Certified Record, No. 688 C.D. 2022 (hereinafter C.R., 688 C.D. 2022), Item No. 15 at 2.

## BACKGROUND

This matter initially arose when Landowners filed a water quality complaint with the Department of Environmental Protection (Department) alleging the water supply at their property located at S.R. 1039, New Milford, Pennsylvania (Property) was turbid and sediment laden. The Department initiated an investigation into Landowners' complaint and on January 15, 2021, issued a no-impact letter finding that the water quality issues on Landowners' Property were not caused by nearby gas drilling operations conducted by Coterra. Landowners appealed the Department's no-impact letter to the Board, challenging the Department's findings and contending that Coterra is indeed responsible for the pollution of their water supply. Coterra intervened.

Before the Board, Landowners were represented by Attorney Johnson of Lisa Johnson & Associates. Coterra was represented by Amy Barrette, Esq. (Attorney Barrette) and Robert Burns, Esq. (Attorney Burns) of Buchanan, Ingersoll & Rooney PC (Buchanan). The instant appeal does not involve the merits of Landowners' water quality complaint. Instead, the Sanctions Order is a result of extensive and contentious litigation conduct before the Board, and the Nonsuit Order is a result of Landowners' refusal to present evidence during the merits hearing of this case. A detailed account of this procedural history, encompassing more than 140 administrative docket entries, is recounted in the Board's opinion accompanying

2

the Sanctions Order, and that detailed recitation is incorporated herein by reference. C.R., 688 C.D. 2022, Item No. 15 (Sanctions Opinion and Order); Certified Record, No. 740 C.D. 2022 (hereinafter C.R., 740 C.D. 2022), Item No. 0 (Board's docket).[3]

For contextual purposes, we summarize some of the proceedings below, beginning with a Motion to Stay Proceedings (Motion to Stay) filed by Landowners on February 3, 2022. C.R., 688 C.D. 2022, Item No. 4. Notably, at this time, the hearing on the merits of this matter was scheduled for February 22, 2022. C.R., 740 C.D. 2022, Item No. 8 (Nonsuit Opinion and Order) at 2. The five-paragraph Motion to Stay provided:

> Pursuant to 25 Pa. Code § 1021.92, [Landowners], by and through [their] undersigned counsel hereby files [sic] this Motion to Stay Proceedings [] to provide [Coterra's] counsel, Attorney Barrette, an opportunity to have discussions with the Pennsylvania Attorney General and the Environmental Protection Agency.
>
> In support of this motion, [Landowners] aver the following:
>
> 1. [Landowners] have filed complaints with the Pennsylvania Attorney General's Office ("AG's Office") and the Environmental Protection Agency (EPA) with respect to this matter.
>
> 2. [Landowners] copied Attorneys Barrette and Burns on the email attached as Exhibit A, the purpose of which was to provide links to the AG's Office and the EPA to [Coterra's] four motions in limine.
>
> 3. Attorney Barrette quickly responded by email, attached as Exhibit B, copying the AG's Office and the EPA.

---

[3] We refer to the certified records in these consolidated matters because they are electronically indexed directly to the item numbers we cite. The Reproduced Record contains no electronic index and contains many documents extraneous to our analysis, so we do not cite it.

3

4. Attorney Barrette's email states, in part:

"That said, to the extent *that anyone from the AG's Office or the EPA* would like to discuss your completely unsupported and false allegations against my client, Coterra[,] *I would be happy to discuss*."

5. The conversations that Attorney Barrette will have with the AG's Office and the EPA have a direct bearing on this matter, are grave enough, to warrant a stay of proceedings for sixty days to provide Attorney Barrette sufficient time to have such conversations with the AG's Office and the EPA.

WHEREFORE, [Landowners] respectfully request that the Board issue an order in the form attached hereto granting [Landowners'] Motion to Stay Proceedings for sixty (60) days pending Attorney Barrette's discussions with the Pennsylvania Attorney General and the Environmental Protection Agency.

C.R., 688 C.D. 2022, Item No. 4 at 1-2 (emphasis in original). The email Landowners received from Attorney Barrette, and reference as the basis for the Motion to Stay, reads:

Dear Attorney Johnson,

There is no need to copy me or Attorney Burns on your emails to the Attorney General's Office, the EPA, or to your clients. That said, to the extent that anyone from the [Attorney General's] Office or the EPA would like to discuss your completely unsupported and false allegations against my client, Coterra[,] I would be happy to discuss.

Best regards,

Amy Barrette

*Id.*, Ex. B.

4

Coterra filed an opposition to the Motion to Stay. C.R., 688 C.D. 2022, Item No. 5. Coterra denied that anyone from the AG's Office or the EPA had reached out regarding this matter, despite that Landowners' counsel had been copying both agencies on pleadings and other correspondence for months. *Id.* at 2. Coterra also noted that despite repeated reminders to comply with the Board's rule that requires procedural motions to contain a statement indicating the nonmoving party's position on the relief requested, Landowners never contacted Coterra before filing the Motion to Stay. *Id.* (citing 25 Pa. Code § 1021.92(c)).[4] Moreover, Coterra submitted that Landowners failed to articulate a basis to stay the proceedings. Coterra explained:

> The Board already postponed the hearing once as a result of [Landowners'] failure to file their pre-hearing memorandums by the Board's deadline. [Landowners'] counsel's efforts to intimidate Coterra's counsel and Coterra through repeated correspondence to the AG's office and the EPA does not justify a stay of these proceedings. Since February 2, 2022, [Landowners'] counsel has copied Coterra's counsel on multiple emails to the AG's office and the EPA, and has copied those agencies on emails to Coterra's counsel. *See* Exhibit A. [Landowners'] counsel has demanded that Coterra's counsel withdraw its motions in limine, withdraw from the case, and further demanded that Coterra wire-transfer money to [Landowners'] counsel, in an amount equal to the attorney fees Coterra has incurred in this matter. [Landowners'] counsel's monetary demand, combined

---

[4] Section 1021.92(c) of the Board's Rules of Practice and Procedure provides:

> (c) Procedural motions shall contain a statement indicating the nonmoving party's position on the relief requested or a statement that the moving party, after a reasonable effort, has been unable to determine the nonmoving party's position.

25 Pa. Code § 1021.92(c).

with the threat of criminal prosecution, on its face, rises to the level of extortion. [Landowners'] counsel then stated that she filed [Securities and Exchange Commission] complaints against Coterra, and then followed up with more inflammatory correspondence. Exhibit A.

[Landowners'] counsel's efforts to intimidate Coterra's counsel and Coterra and to extort money from Coterra are wholly inappropriate, but do not serve as a basis to stay the proceedings. If anything, it is now more important that the hearing take place promptly, as scheduled, so that Coterra is able to address [Landowners'] false, wholly-unsupported claims in a public forum, before the Board.

*Id.* at 2-3. Coterra asked the Board to deny Landowners' Motion to Stay and award Coterra legal fees in connection with preparing its opposition. *Id.* at 3.

On February 9, 2022, the Board issued an order denying Landowners' Motion to Stay and denying Coterra's request for an award of legal fees incurred in connection with opposing the motion without prejudice. C.R., 688 C.D. 2022, Item No. 7.

On February 15, 2022, Coterra filed the Motion for Sanctions asking the Board to enter an order directing Attorney Johnson to pay Coterra legal fees incurred in connection with responding to Landowners' February 3, 2022 Motion to Stay. C.R., 688 C.D. 2022, Item No. 8 at 1. Therein Coterra asserted that Landowners' Motion to Stay had no support in fact or law and was not filed in good faith. Coterra recounted the plethora of motions previously filed by Landowners in this matter and highlighted the continued failure to abide by the Board's Rules of Practice and Procedure in filing those motions. *Id.* at 1-12. For these reasons, Coterra argued that sanctions were warranted.

On February 21, 2022, Landowners responded to Coterra's Motion for Sanctions asking the Board to (1) deny the sanctions request, (2) disqualify Attorney

6

Barrette, Attorney Burns, and Buchanan from representing Coterra in this matter, (3) award Landowners' counsel fees, costs, and expenses equal to the amount paid by Coterra to its counsel, and (4) identify Attorney Barrette and Attorney Burns as necessary fact witnesses to be placed under oath and answer all of Landowners' and Attorney Johnson's questions. C.R., 688 C.D. 2022, Item No. 9 at 1. Landowners attached two exhibits to their response: (1) a letter from former Chief Justice Castille explaining his qualifications as an expert witness in a separate case involving Coterra pending in the Court of Common Pleas of Susquehanna County at No. 2017-935 CP (Susquehanna County Case); and (2) an order from the Susquehanna County Case. *Id.*, Exs. A, B. Landowners attached Chief Justice Castille's letter to purportedly show that Attorney Barrette is "unprofessional, unreasonable, and took inappropriate actions in furtherance of Coterra's illegal attacks on poor people, people living with disabilities, and the elderly." *Id.* ¶ 60.[5]

On February 22, 2022, the Board convened a hearing on the merits of Landowners' appeal as scheduled. At the outset of the merits hearing, Attorney Johnson moved to argue Coterra's Motion for Sanctions, and Landowners' opposition thereto. C.R., 740 C.D. 2022, Item No. 4, (Notes of Testimony (N.T)) at 5. Administrative Law Judge Bernard A. Labuskes (Judge Labuskes) advised that because the Motion for Sanctions and opposition thereto were so recently filed and had no impact on the merits of Landowners' appeal, he would not rule on Coterra's sanctions request at that time. *Id.* at 5-7. Following this denial, Attorney Johnson asked for a 15-minute recess with her clients, which was granted. *Id.* at 7-8. Following the recess, Attorney Johnson indicated that her clients would not proceed with the merits hearing until the Motion for Sanctions was argued and further stated

---

[5] Former Chief Justice Castille's letter was filed in litigation between Coterra and a different landowner and is not relevant to this case. We will not consider it further.

that her clients, who planned to offer lay testimony, refused to submit to cross-examination by Attorney Barrette or Attorney Burns. The following exchange occurred:

> [**Judge Labuskes**]: I just want to clarify one thing, which I'm – I don't feel like I'm getting a clear answer is if the fees were off the table. If the fees were off the table, would your clients, Ms. Johnson, be willing to testify . . . and be subject to cross examination?
>
> [**Attorney Johnson**]: Thank you, Your Honor. We would not consider that.
>
> . . .
>
> [**Judge Labuskes**]: Well, the essence of the American system is that you have to be – the witnesses have to be subject to cross examination. So I thought maybe there would be a way to get there if it was just the motion on fees, but it sounds like that won't solve the problem either. Under no circumstances are the witnesses willing to testify and be cross-examined. If they're not willing to be cross-examined, then I can't let them testify. So –
>
> [**Attorney Johnson**]: Your Honor, I'm sorry. They are willing – they are willing to testify and be cross-examined, just not by Attorney Burns or Attorney Barrette. Coterra can bring in another firm right now. My clients will be cross-examined for, you know, a week. That's fine.
>
> [**Judge Labuskes**]: Okay. I understand your position. So it sounds like you don't have any witnesses.

*Id.* at 16-17. After Landowners refused to present any witnesses or otherwise move forward with their case-in-chief, Coterra orally moved for a compulsory nonsuit, in which the Department joined. *Id.* at 19. Judge Labuskes directed the parties to file

8

briefs on the nonsuit issue and recessed the hearing pending his determination on the oral motion for nonsuit. *Id.* at 20.

Two days after the hearing recessed, Landowners sent a letter to Judge Labuskes advising that Attorney Barrette had reached out to Attorney Johnson for consent for Coterra to file a sur-reply to Landowners' response to the Motion for Sanctions. Landowners' letter asked the Board to deny any sur-reply and not give Attorneys Barrette and Burns "another opportunity to harass, intimidate and retaliate against Landowners and Landowners' Counsel, or to continue to slander members of the judiciary by being permitted to file the Coterra Sur-Reply." C.R., 688 C.D. 2022, Item No. 10 at 1.

Coterra responded to Landowners' February 24, 2022 letter and renewed its previous request for sanctions, as modified to include preparing the responsive filing. C.R., 688 C.D. 2022, Item No. 11 at 26.

Amidst this flurry of filings, the parties submitted their briefs on the issue of nonsuit: Coterra's and the Department's briefs were filed on April 7, 2022, and Landowners' brief was filed on May 9, 2022.

On May 10, 2022, Landowners filed a "Demand for the Board's Removal of Judge Labuskes" (Removal Motion). C.R., 688 C.D. 2022, Item No. 12. Attached to Landowners' Removal Motion is an email from Judge Labuskes' staff to the parties in this case dated May 9, 2022. The email stated:

> Dear Counsel,
>
> Good afternoon. Judge Labuskes would like to hold oral argument via telephone on Coterra's pending motion for sanctions. Please reply all and provide your availability for the afternoon of May 25, 2022.

C.R., 688 C.D. 2022, Item No. 12, Ex. A. Landowners' Removal Motion reads:

9

Landowners demand that Judge Labuskes be removed from this matter. Judge Labuskes' documented history and violations of Landowners' free speech and due process rights are the most serious violations of constitutional rights in this country and have no room in an American tribunal. Judge Labuskes' ongoing retaliatory misconduct reveals, among other things, that Judge Labuskes is punishing Landowners for exercising their First Amendment rights of free speech against the [Department and the Board].

Yesterday, shortly after [Landowners] filed their Brief in Response to the Joint Motion of the Department [] and [Coterra], Judge Labuskes had the email attached as Exhibit A sent to counsel of record wherein Judge Labuskes signaled his desire to hold oral arguments by telephone on Coterra's improper Motion for Sanctions in the Form of Legal Fees []. . . Judge Labuskes' sudden and urgent desire to hold oral arguments over a phone call regarding Coterra's [Motion for Sanctions] that was filed three months ago within hours of Landowners' filing of the Brief is clearly meant to punish Landowners' and Landowners' counsel for exercising their free speech rights against the [Department] and for continuing to seek Judge Labuskes' recusal. Landowners and I will not tolerate it. Oral arguments are not necessary for an impartial fact finder to determine that Coterra's [Motion for Sanctions] was an improper use of these proceedings in an attempt to intimidate and deter Landowners and Landowners' counsel from pursuing this matter in accordance with the patterns and practices of the oil and gas industry to silence victims. In this matter, the government has joined those efforts to silence Landowners.

Landowners continue to rely on Landowners' Response and object to Judge Labuskes' outrageous request to force Landowners' counsel on a telephone call with Judge Labuskes and five lawyers from the industry and the [Department] where Judge Labuskes can use his executive power to silence Landowners and for Coterra

and the [Department] to continue to use [Motion for Sanctions] tactics [sic]. Landowners would make themselves available for oral arguments on Coterra's [Motion for Sanctions] in a public forum after Judge Labuskes' recuses himself and Landowners' constitutional rights to testify safely are otherwise protected, at which time Landowners would simply continue to rely on Landowners' Response.

Landowners repeat their demand that Judge Labuskes file on this docket a copy of his statement of financial interests, together with any interests that Judge Labuskes holds in oil and gas investments, shared positions on charitable boards, or any other interest that could impart Judge Labuskes' obligations to be fair and impartial. This demand is appropriate under the Ethics Act, the Rules of Professional Conduct, the Rules of Judicial Conduct and in equity. Any further communication from Judge Labuskes to Landowners' counsel shall be made publicly through the Board's electronic filing system.

The latest attack on Landowners' free speech rights by Judge Labuskes does not just endanger Landowners' rights and, in fact their lives, it sets an extremely dangerous precedent going forward that Judge Labuskes can call for improper proceedings or remove any pleading or evidence from the docket on a whim. Judge Labuskes does not have the temperament to hold such a sacred position in an American justice system and, as he has not properly recused himself, Judge Labuskes should be removed from this matter. The Board belongs to the people where they can be safe to exercise their First Amendment rights to free speech against the government.

*Id.* at 1-2.

Later on May 10, 2022, the Board issued an order directing Coterra to file an affidavit setting forth the reasonable costs, including legal fees, actually incurred by reason of Landowners' February 3, 2022 Motion to Stay Proceedings,

11

including costs and fees related to Coterra's Motion for Sanctions. The Board's order stated:

> The parties were afforded an opportunity for oral argument on Coterra's motion for sanctions but [Landowners] declined the opportunity without the imposition of unreasonable conditions on oral argument."

C.R., 688 C.D 2022, Item No. 13 ¶ 2.

*Sanctions Order*

By order dated June 7, 2022, the Board granted Coterra's Motion for Sanctions. C.R., 688 C.D. 2022, Item No. 15. In its accompanying opinion, the Board explained that Section 1021.31 of the Board's Rules of Practice and Procedure grants authority to impose sanctions. That section provides:

> (a) Every document directed to the Board and every discovery request or response of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name or, if a party is not represented by an attorney, shall be signed by the party. Each document must state the signer's mailing address, e-mail address and telephone number.

> (b) The signature to a document described in subsection (a) constitutes a certification that the person signing, or otherwise presenting it to the Board, has read it, that to the best of his knowledge or information and belief there is good ground to support it, and that it is submitted in good faith and not for any improper purpose such as to harass, cause unnecessary delay or needless increase in the cost of litigation. There is good ground to support the document if the signer or presenter has a reasonable belief that existing law supports the document or that there is a good faith argument for the extension, modification or reversal of existing law.

12

(c) The Board may impose an appropriate sanction in accordance with § 1021.161 (relating to sanctions) for a bad faith violation of subsection (b).

25 Pa. Code § 1021.31. Section 1021.161 authorizes the Board to impose appropriate sanctions for a bad faith violation of Section 1021.31(b), providing:

> The Board may impose sanctions upon a party for failure to abide by a Board order or Board rule of practice and procedure. The sanctions may include dismissing an appeal, entering adjudication against the offending party, precluding introduction of evidence or documents not disclosed, barring the use of witnesses not disclosed, or other appropriate sanctions including those permitted under Pa.R.C[iv].P. 4019 (relating to sanctions regarding discovery matters).

25 Pa. Code § 1021.161. Pennsylvania Rule of Civil Procedure 4019(h) provides:

> (h) If the filing of a motion or making of an application under this chapter is for the purpose of delay or in bad faith, the court may impose on the party making the motion or application the reasonable costs, including attorney's fees, actually incurred by the opposing party by reason of such delay or bad faith.

Pa.R.Civ.P. 4019(h). The Board explained that while it has never imposed sanctions for a violation of 25 Pa. Code § 1021.31 previously, Landowners' actions in this case "unmistakably evince[e] bad faith, harassment, [and] unwarranted delaying tactics" which require the Board to grant sanctions in this case "in order to quell such contumacious conduct in the future." C.R., 688 C.D. 2022, Item No. 15 at 2, 3. Following a lengthy recitation of the procedural history and the contents of Landowners' Motion to Stay, the Board concluded that Landowners' Motion to Stay was (1) not submitted in good faith, (2) filed in order to cause unnecessary delay, and (3) filed in order to cause a needless increase in the cost of litigation. *Id.* at 45-46. In issuing sanctions, the Board clarified:

13

> We want to dissuade any implication that the sanctions here are being imposed for an ordinary motion to stay our proceedings. There is certainly ample room in Board proceedings for zealous advocacy, creative legal theories, and spirited litigation. But there is no room for baseless filings, dishonesty towards the Board, and behavior that is clearly designed to unnecessarily delay our proceedings and increase the cost for opposing parties. Awarding sanctions in the form of attorney's fees is warranted here to deter ongoing and future bad faith filings from [Attorney] Johnson and Lisa Johnson & Associates, and to preserve the integrity of proceedings before the Board for all litigants who practice before us.

*Id.* at 46-47. Accordingly, the Board held Attorney Johnson, Lisa Johnson & Associates, and Landowners "jointly and severally liable for reimbursing Coterra $18,614.70 for the reasonable fees it incurred in responding to [Landowners'] February 3, 2022 [Motion to Stay]." *Id.*, Order.

### *Nonsuit Order*

Shortly after the Sanctions Order, on June 15, 2022, the Board granted Coterra's oral motion for nonsuit and dismissed Landowners' appeal. C.R., 740 C.D. 2022, Item No. 8, Order. The Board explained that it may enter a nonsuit if the party with the burden of proof and initial burden of proceeding fails to present a prima facie case establishing a cause of action. *Id.* at 4-5 (citing *Dep't of Env't Prot. v. Schulz*, 2015 EHB 1, 3; *Decker v. Dep't of Env't Prot.*, 2002 EHB 610, 612; 25 Pa. Code § 1021.117(b) (party bearing the burden of proof must make out a prima facie case by the close of its case-in-chief)). Here, Landowners did not put on a case-in-chief at all, and the Board concluded it had no choice but to grant Coterra and the Department's motion for nonsuit. *Id.* at 9.

Landowners appealed the Sanctions and Nonsuit Orders to this Court.

14

## ISSUES

Landowners raise the following issues on appeal to this Court:

(1) Whether the Board abused or exceeded its discretion in issuing the Order for Sanctions and the Order for Nonsuit against [Landowners] under the authority of 25 Pa. Code § 1021.31.

(2) Whether the Board[] afforded [Landowners] appropriate procedural due process, namely a notice and opportunity to be heard, before issuing the Order for Sanctions and the Order for Nonsuit.

Landowners' Brief at 2.[6]

## DISCUSSION

### A. Abuse of Discretion

We begin by addressing Landowners' claim that the Board abused its discretion in issuing the Sanctions Order under 25 Pa. Code § 1021.31, or in entering the Nonsuit Order. Notably, Landowners do not set forth Rule 1021.31 anywhere in their brief, do not cite or otherwise address the rules cross-referenced therein, and do not explain how the Board committed an abuse of discretion thereunder. Instead, they argue broadly that the Board abused its discretion by disparately enforcing its Rules throughout the administrative proceedings, which, they maintain, had a chilling effect on Landowners. Landowners submit this deliberate disparate treatment suggests improper bias against Landowners and their counsel.

Coterra and the Department respond that Landowners have failed to articulate any basis for reversing the Sanctions or Nonsuit Orders based on an abuse of discretion. Instead, they continue to advance meritless claims of disparate

---

[6] Landowners' issues are reordered for ease of discussion.

treatment that are not supported by the procedural history of this case. Coterra and the Department contend that contrary to Landowners' assertion of disparate treatment, the docket evidences that the Board showed great restraint throughout the administrative proceedings, despite Landowners' repeated flouting of the Board's Rules.

Generally, an agency acting as a tribunal abuses its discretion only if "the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or [is] the result of partiality, prejudice, bias or ill will, as shown by the evidence of record." *Pastorius v. Pa. Real Est. Comm'n*, 466 A.2d 780, 781 (Pa. Cmwlth. 1983) (quoting *Forthuber v. City of Pittsburgh*, 447 A.2d 1106 (Pa. Cmwlth. 1982)). The Board can enter a nonsuit where "the party bearing the burden of proof fails to present a prima facie case establishing a cause of action." *Schulz*, 2015 EHB at 3;[7] *accord Daddona v. Thind*, 891 A.2d 786, 816 (Pa. Cmwlth. 2006) ("[C]ompulsory non-suit can only be granted in cases where it is clear a cause of action was not established.")

We conclude that Landowners have failed to establish that the Board abused its discretion in issuing the Sanctions Order under 25 Pa. Code § 1021.31 or in issuing the Nonsuit Order. Landowners' brief makes no reference to the Board's authority to issue sanctions under Rule 1021.31 and the rules cross-referenced therein, and instead alleges disparate treatment between the parties to the proceedings.[8] We find no merit in this contention. There is nothing in the record

---

[7] Though neither we nor the Board are bound by the Board's earlier decisions, the Board is obligated to make consistent decisions. *Sierra Club v. Dep't of Env't Prot.*, 211 A.3d 919, 926 n.6 (Pa. Cmwlth. 2019) (*en banc*).

[8] Landowners also suggest, through an attempted citation, that the Board's discretion for fee shifting is limited in some circumstances. *See* Landowners' Brief at 29 (reciting, without proper **(Footnote continued on next page…)**

suggesting bias or prejudice, a misapplication of the law, or manifest unreasonableness. Accordingly, we hold that Landowners' abuse of discretion claim is undeveloped and without merit.

## B. Procedural Due Process

Landowners next argue that the Board failed to provide Landowners adequate procedural due process before issuing the Sanctions and Nonsuit Orders. This Court has explained that the "basic elements of procedural due process are 'adequate notice, the opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction over the case.'" *S.F. v. Dep't of Hum. Servs.*, 298 A.3d 495, 510 (Pa. Cmwlth. 2023) (quoting *Cmwlth. v. Turner*, 80 A.3d 754, 764 (Pa. 2013)).

### i. Sanctions Order

Landowners advance three arguments in support of their contention that they were not afforded adequate due process. First, Landowners maintain that they were not given sufficient notice that the Board would consider the entire history of the litigation in granting Coterra's Motion for Sanctions. Second, and relatedly, they argue they were not given a meaningful opportunity to be heard on whether sanctions were appropriate based on this cumulative history. Third, Landowners posit that because Coterra's Motion for Sanctions only sought sanctions against Attorney Johnson, the Board erred in *sua sponte* imposing sanctions on Attorney Johnson and Landowners, jointly and severally.

---

quotation, from *Clean Air Council v. Dep't of Env't Prot.*, 289 A.3d 928, 954 (Pa. 2023)). But that case was a matter of "statutory discretion" circumscribed by the legislature, so the Court reviewed the Board's actions *de novo*. *Clean Air Council*, 289 A.3d at 946 (emphasis original). This case involves no statutory constraint on the Board's discretion, so we review the Sanctions Order for an abuse of discretion, as with other agency actions. *Id.* at 945 n.81; *Gibraltar Rock, Inc. v. Pa. Dep't of Env't Prot.*, 316 A.3d 668, 678 (Pa. Cmwlth. 2024) (en banc).

17

Coterra responds that Landowners' due process claim lacks merit and is not supported by the record. First, it rejects Landowners' contention that they were not given notice that the entire procedural background of this case could be considered in the Board's decision to grant sanctions following Landowners' bad-faith Motion to Stay. In Coterra's Motion for Sanctions, it painstakingly recounted the entire procedural history before the Board and based its sanctions request on Landowners' "repeated failure to comply with this Board's Rules of Practice and Procedure." C.R., 688 C.D. 2022, Item No. 8 at 1. Moreover, Landowners prepared a paragraph-by-paragraph response to Coterra's Motion for Sanctions. They cannot now claim surprise that the background litigation was considered, as it was part and parcel of Coterra's Motion.

Second, Coterra argues that Landowners cannot seriously claim that the Board failed to provide an opportunity to be heard on the Motion for Sanctions. After Judge Labuskes emailed the parties to schedule oral argument on the Motion, Landowners immediately rejected the opportunity and instead filed for the removal of Judge Labuskes stating that "[o]ral arguments are **not necessary** for an impartial fact finder to determine that Coterra's [Motion for Sanctions] was an improper use of these proceedings in an attempt to deter Landowners and [Attorney Johnson] from pursuing this matter" and objecting to Judge Labuskes' "outrageous request to force Landowners and [Attorney Johnson] on a telephone call with Judge Labuskes and five lawyers from the industry and the [Department]. . . ." C.R., 688 C.D. 2022, Item No. 12 at 1-2 (emphasis added).

Third and finally, to the extent Landowners take issue with the Sanctions Order holding them and Attorney Johnson jointly and severally liable, Coterra submits it is well settled that "[w]here represented by counsel, a party is

18

deemed bound by the acts of his lawyer, and cannot avoid the consequences of the acts or omissions of this freely selected agent; this is true in the administrative or civil context, at every level of our legal system, and has been held applicable in instances where the consequences are most dire." *D.M. v. Dep't of Pub. Welfare* (Pa. Cmwlth., No. 763 C.D. 2014, filed December 4, 2014), slip op. at 4, 2014 WL 10298857 (citing *Coleman v. Thomas*, 501 U.S. 722, 752-54 (1991)).[9] Landowners cannot distance themselves from the representation of their attorney or the consequences that stem therefrom. For these reasons, Coterra asks this Court to affirm the Board's Sanctions Order.

We conclude that Landowners' due process claim lacks merit. At the outset, we note that while the entire litigation history was recounted in Coterra's Motion for Sanctions, Landowners' response thereto, and the Board's opinion accompanying the Sanctions Order, the sanctions issued by the Board were limited in scope to only "$18,614.70 for the reasonable fees [Coterra] incurred in responding to [Landowners] February 3, 2022 [Motion to Stay]." *Id.*, Order. In other words, while the litigation history provided a backdrop for the Board's ultimate determination to issue sanctions in this matter, Landowners were not deprived of notice of these considerations and the sanctions awarded were limited in scope.

Moreover, it is clear that Landowners were provided an opportunity to be heard on the Motion for Sanctions, but summarily rejected Judge Labuskes' offer to schedule oral argument thereon. Last, we find that while Coterra's Motion for Sanctions only sought sanctions against Attorney Johnson, the Board did not err in holding Landowners and Attorney Johnson jointly and severally liable. In *D.M.*, this Court explained that litigants are bound by the actions of counsel, even when the

---

[9] Unreported opinions of this Court filed after January 15, 2008, may be cited for their persuasive value. Pa. R.A.P. 126(b); 210 Pa. Code § 69.414(a).

consequences are most dire. In *D.M.*, that meant the client was out of court when his attorney untimely filed an appeal, thus attributing an attorney's behavior to his client even when resulting in the most dire consequence of all. Here, the Board did not abuse its discretion in imposing monetary sanctions against Landowners jointly and severally with their attorney in the amount of $18,614.70.

### ii. Nonsuit Order

Landowners also purport to raise a due process challenge in relation to the Nonsuit Order. They submit that the Motion for Sanctions was improperly "left hanging over their heads" leading up to the merits hearing and characterized Judge Labuskes' statements at the merits hearing to mean he had already made the decision to dismiss Landowners' appeal at that time. They argue, broadly, that the Board infringed upon their due process rights, and they were deprived of fully developing a record.[10]

In response, Coterra submits the Board appropriately entered the Nonsuit Order when Landowners failed to present evidence in their case-in-chief at the merits hearing. It is undisputed that Landowners bore the burden of proof in their appeal and were required to "make a prima facie case by the close of its case-in-chief." 25 Pa. Code §§ 1021.122(a), 1021.117(b). Landowners did not put on a case at all, let alone a prima facie one. Coterra also highlights that Landowners refused to testify at the merits hearing, and their offer to testify on the condition that

---

[10] At the tail end of their due process argument, Landowners also aver that the proceedings before the Board are invalid due to the appearance of bias based on attorneys from Buchanan serving on the Board's Rules Committee. Landowners' Br. at 21, 27, 31. Later in the brief, Landowners aver the same appearance of bias based on "counsel representing the Department who also serve on the Board's Rules Committee. . . ." Landowners' Br. at 34. Landowners did not raise this argument before the Board, and thus it is waived on appeal. *See* 2 Pa. C.S. § 703(a), Pa. R.A.P. 1551(a).

they would not face cross-examination by Coterra's counsel of choice would deprive Coterra of due process.

We agree with Coterra. There is no support in the record that Landowners were deprived of procedural due process before the Board issued the Nonsuit Order. In fact, the record clearly reflects that a merits hearing convened on February 22, 2024, and Landowners refused to put on a case. Landowners' decision to not proceed at the merits hearing cannot, on appeal, be transformed into a procedural due process violation. The Board gave Landowners the opportunity to be heard, and they refused. The Board did not deprive Landowners of procedural due process before issuing the Nonsuit Order.

## Conclusion

For the reasons above, the Court concludes that Landowners were not deprived of their procedural due process rights and the Board did not abuse its discretion in issuing the Sanctions and Nonsuit Orders. Both Orders are affirmed.

21

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tonya Stanley, Bonnie Dibble, : **CASES CONSOLIDATED**
and Jeffrey Dibble, :
           Petitioners :
 :
v. : Nos.   688 C.D. 2022
 :       740 C.D. 2022
 :
Department of Environmental :
Protection, and Coterra Energy :
Inc. f/k/a Cabot Oil and Gas :
Corporation :
(Environmental Hearing Board), :
         Respondents :

## PER CURIAM

## O R D E R

AND NOW, this 21st day of November 2024, the Orders of the Environmental Hearing Board dated June 7, 2022 and June 15, 2022, are AFFIRMED.